UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                          :

UA LOCAL 13 & EMPLOYERS GROUP    :   Civil Action No. 1:19-cv-10161-LLS-RWL
INSURANCE FUND, Individually and on   :
Behalf of All Others Similarly Situated,    :
                          :

             Plaintiff,     :

                          :

         vs.             :

                          :

SEALED AIR CORPORATION, and     :
WILLIAM G. STIEHL,            :
                          :

            Defendants.    :
                          :
-------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT WILLIAM STIEHL'S MOTION TO DISMISS
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT .................................................................................................................... 1

I.     PLAINTIFFS FAIL TO DEMONSTRATE THAT STIEHL "MADE" THE
STATEMENTS IN THE 2014 FORM 8-K OR 2015 PROXY STATEMENT ................ 1

II.    PLAINTIFFS' RELIANCE ON STIEHL'S POSITION AT SEALED AIR IS
INSUFFICIENT TO ESTABLISH CONTROL PERSON LIABILITY ........................... 4

CONCLUSION .................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Banco Bradesco S.A. Sec. Litig.*,
   277 F. Supp. 3d 600 (S.D.N.Y. 2017)..................................................................................2, 3

*In re Braskem S.A. Sec. Litig.*,
   246 F. Supp. 3d 731 (S.D.N.Y. 2017)...................................................................................3, 4

*Fezzani v. Bear, Stearns & Co.*,
   384 F. Supp. 2d 618 (S.D.N.Y.2004)........................................................................................4

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   308 F. Supp. 2d 249 (S.D.N.Y. 2004)......................................................................................5

*Floyd v. Liechtung*,
   2013 WL 1195114 (S.D.N.Y. Mar. 25, 2013) .........................................................................4

*In re Glob. Crossing*,
   2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005)............................................................................5

*Gruber v. Gilbertson*,
   2018 WL 1418188 (S.D.N.Y. Mar. 20, 2018) .........................................................................4

*In re Livent, Inc. Sec. Litig.*,
   78 F. Supp. 2d 194 (S.D.N.Y. 1999).........................................................................................5

*S.E.C. v. Mercury Interactive, LLC*,
   2011 WL 5871020 (N.D. Cal. Nov. 22, 2011) .........................................................................2

*In re Smith Barney Transfer Agent Litig.*,
   884 F. Supp. 2d 152 (S.D.N.Y. 2012)................................................................................2, 3, 5

*In re Solarcity Corp. Sec. Litig.*,
   274 F. Supp. 3d 972 (N.D. Cal. 2017) ......................................................................................2

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   33 F. Supp. 3d 401 (S.D.N.Y. 2014).........................................................................................5

*In re Stillwater Capital Partners Inc. Litig.*,
   858 F. Supp. 2d 277 (S.D.N.Y. 2012).......................................................................................2

*In re UBS AG Sec. Litig.*,
   2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012).......................................................................2, 3

## PRELIMINARY STATEMENT

Plaintiffs all but concede the Complaint is deficient:  they acknowledge that it fails to plead "details regarding the [government] investigations" which purportedly demonstrate the falsity of the statements at issue. [1]  Opposition ("Opp.") at 9.  Instead, they quote from an article in the Wall Street Journal incorrectly suggesting that extrinsic material can fill the gaps in their pleading.  Plaintiffs also fail to show how the Complaint alleges scienter and materiality with the particularity required to make a Rule 10b-5 claim.  Moreover, they fail to distinguish the statements from Sealed Air's Code of Ethics and Conduct referred to in the Complaint from the nearly identical statements held by other courts to be nonactionable puffery.  Stiehl therefore joins the arguments made by the Company in the Sealed Air Reply demonstrating why Count I should be dismissed on these grounds.  In addition, Count I should be dismissed as against Stiehl because Plaintiffs rely on the discredited group-pleading doctrine to establish that Stiehl "made" the statements in the 2014 Form 8-K and the 2015 Proxy Statement for purposes of Rule 10b-5.

Plaintiffs also fail to support their claims of control person liability under Count II of the Complaint.  They have failed to show that Stiehl "controlled" the alleged misstatements in the 2014 Form 8-K and the 2015 Proxy Statement, or that he "culpably participated" in their making.

## ARGUMENT

I.    **Plaintiffs Fail to Demonstrate that Stiehl "Made" the Statements in the 2014 Form 8-K or 2015 Proxy Statement**

In our motion to dismiss, we showed that Stiehl did not "make" the alleged misstatements in either the 2014 Form 8-K or the 2015 Proxy Statement.  He did not sign either filing and he did not have "ultimate authority" over either statement.  Stiehl MTD at 3–4.

---

[1] Capitalized terms are as defined in Stiehl's motion to dismiss ("Stiehl MTD").  Sealed Air's motion to dismiss is defined as the "Sealed Air MTD," and Sealed Air's reply brief is defined as the "Sealed Air Reply."

Plaintiffs do not deny that Stiehl did not sign either document.  Instead, they inexplicably argue that "*nobody* signed the 2015 Proxy Statement" and that this "does not mean that nobody made the statement."  Opp. at 17–18 (emphasis added).  This is just wrong.  Jerome Peribere, Sealed Air's CEO, signed the cover letter forwarding the 2015 Proxy Statement to shareholders, *see* Berkovits Decl., Ex. 2, at 1, and therefore can be deemed to have made the statements.  *See In re Stillwater Capital Partners Inc. Litig.*, 858 F. Supp. 2d 277, 287 (S.D.N.Y. 2012) (finding that defendant had signed proxy statement where his name appeared on cover letter to shareholders); Asia Special Situation Acquisition Corp., Proxy Statement (Form 6-K), at iii (Jan. 19, 2010) (underlying proxy statement that the *Stillwater* court reviewed); *S.E.C. v. Mercury Interactive, LLC*, No. 5:07-CV-02822-WHA, 2011 WL 5871020, at *2 (N.D. Cal. Nov. 22, 2011) (finding that defendant signed proxy statement where her name appeared on cover letter to shareholders); Mercury Interactive Corp., Proxy Statement (Schedule 14A) (Nov. 4, 2003) (underlying proxy statement that *Mercury* court reviewed).

Plaintiffs also contend that the Supreme Court's decision in *Janus Capital Grp., Inc. v. First Derivative Traders* has "absolutely no bearing here" and that Stiehl should be considered a maker of the two statements under the "group pleading doctrine."  Opp. at 16.  Plaintiffs' contention that *Janus* is relevant solely to the question of "whether one legal entity can be held liable . . . for the statements made by a separate legal entity," *id.*, is simply incorrect.  *See, e.g., In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 165 (S.D.N.Y. 2012) ("[N]othing in the Court's decision in *Janus* limits the key holding . . . to legally separate entities."); *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *10 (S.D.N.Y. Sept. 28, 2012) (same); *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 638–39 (S.D.N.Y. 2017) (citing *Smith Barney* and *UBS*); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 1006 (N.D. Cal. 2017) ("[T]he

2

United States Supreme Court's interpretation of the word 'make' in Rule 10b–5 was based on the text of the regulation and not the circumstances of the parties.").

As to whether the group-pleading doctrine survives *Janus*, Plaintiffs ignore the authority in this District that the doctrine is simply inconsistent with, and therefore cannot not survive, *Janus*. *See In re Banco Bradesco*, 277 F. Supp. 3d at 640–41; *In re Smith Barney*, 884 F. Supp. 2d at 165; *In re UBS AG*, 2012 WL 4471265, at *10. The court's decision in *Banco Bradesco* persuasively explains why *Janus* dealt a death blow to the group-pleading doctrine:

> The group-pleading doctrine significantly predates *Janus*, and it was not designed to create a presumption of ultimate authority. Instead, it creates a presumption that group-published documents are "the collective work" of corporate insiders. But in *Janus*, the Court held that participation in the creation of a statement was not enough. If undeniable proof that an individual worked on a statement does not meet *Janus*'s requirement that the individual have 'ultimate authority over the statement, including its content and whether and how to communicate it,' a mere presumption that a person worked on a statement by virtue of his or role within the company must also fall short.

277 F. Supp. 3d at 640 (internal citations omitted) (noting that this conclusion is also supported by "the particularity requirements imposed on securities fraud pleadings by Rule 9(b) and the PSLRA"). This court should follow *Banco Bradesco* and the other post-*Janus* cases rejecting the group pleading doctrine and hold that the doctrine does not survive *Janus*.

But even if the Court were to evaluate the Complaint's claims under the group pleading doctrine, those claims would still fail, because the Complaint's allegations about Stiehl's role at Sealed Air are impermissibly "global and general." *See In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 762, 762 n.10 (S.D.N.Y. 2017) (rejecting, as insufficient, allegations that defendants "had direct involvement in the day-to-day operations of the Company" and that they had "unlimited access" to all of the public filings allegedly containing misstatements "prior to and/or shortly after these statements were issued" and could "prevent" or "correct" the

3

misstatements).  They "lack[] any specific factual allegation regarding [Stiehl's] role in the creation, formulation, or dissemination of" the filings at issue.  *Id.* at 762.  The claim must therefore be dismissed.

## II.    Plaintiffs' Reliance on Stiehl's Position at Sealed Air is Insufficient to Establish Control Person Liability

A defendant is subject to "control" person liability under Section 20(a) of the Exchange Act only if (1) there is a "primary violation" of federal securities law, (2) the defendant was a controlling person over the transaction at issue, and (3) the defendant was a "culpable participant" in the fraud.  Stiehl MTD at 6–7.  For the reasons stated in the Sealed Air MTD and the Sealed Air Reply, the Complaint does not adequately allege a primary violation of federal securities law.

As to the second element of control person liability, Stiehl was not a "controlling person" for purposes of the alleged misstatements in the 2014 Form 8-K and the 2015 Proxy Statement. He did not sign the 2014 Form 8-K or the 2015 Proxy Statement.  *Supra* page 2.  The Complaint does not allege that he "direct[ed]" the signatory of either document "to engage in th[e] scheme" of issuing false statements.  *Floyd v. Liechtung*, 2013 WL 1195114, at *6 (S.D.N.Y. Mar. 25, 2013) ("'[E]ven significant participation in [a primary violator's] scheme to defraud is not equivalent to directing [the primary violator] to engage in that scheme.'") (citing *Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 646 (S.D.N.Y.2004)).  The fact that Stiehl signed *other* Sealed Air public filings, Opp. at 42, is not evidence of control over the allegedly false statements made here.  *Gruber v. Gilbertson*, 2018 WL 1418188 (S.D.N.Y. Mar. 20, 2018), cited by Plaintiffs, held simply that the defendant controlled a statement where he signed the filing containing the statement; it did not rely on his signatures on other public filings.  *Id.* at *15.

4

That Stiehl was a corporate officer does not change the result, because "'officer or director status alone does not constitute control.'" *In re Smith Barney*, 884 F. Supp. 2d at 167 (quoting *In re Glob. Crossing*, 2005 WL 1907005, at *12 (S.D.N.Y. Aug. 8, 2005)); *In re Livent, Inc. Sec. Litig.*, 78 F. Supp. 2d 194, 221 (S.D.N.Y. 1999) (collecting cases). For example, in *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp 2d 249 (S.D.N.Y. 2004), while the court found that only officers who "*controlled the content and dissemination* of the allegedly false and misleading statements" exercised control for purposes of Section 20(a), it dismissed the claims against defendants like Stiehl, who were alleged generally only to have "influence" and powers of "approv[al]." *Id.* at 273–74 (emphasis added).[2] Similarly, this claim should be dismissed.

As to the third element of control person liability, the Complaint does not adequately allege "culpable participation." Culpable participation requires "the same particularity as scienter." *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 438–39 (S.D.N.Y. 2014); *see generally* Stiehl MTD at 10. Just as the Complaint fails to plead scienter with particularity, *see* Sealed Air MTD at 16–23; Sealed Air MTD Reply at 11, it also fails to plead culpable participation.

## CONCLUSION

For the foregoing reasons and the reasons stated in the Stiehl MTD, the Sealed Air MTD, and the Sealed Air Reply, the Court should dismiss Plaintiffs' claims with prejudice.

---

[2] Notably Plaintiffs appear to have abandoned the allegation in the Complaint that Stiehl exercised control by virtue of his modest share ownership. Opp. at 41–42 (failing to reference share ownership).

Dated: January 15, 2021       COOLEY LLP
   New York, New York

             By: */s/ William J. Schwartz*
                William J. Schwartz
                Michael J. Berkovits

             55 Hudson Yards
             New York, New York 10001
             Telephone: (212) 479-6000
             E-mail: wschwartz@cooley.com
                mberkovits@cooley.com

             *Attorneys for Defendant William G. Stiehl*

6