UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

|  | x |  |
| --- | --- | --- |
| UA LOCAL 13 & EMPLOYERS GROUP INSURANCE FUND, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:19-cv-10161-LLS-RWL <br><br> CLASS ACTION |
| Plaintiff, | : : | **DEFENDANT STIEHL'S ANSWER TO CORRECTED AMENDED CLASS** |
| vs. | : : : | **ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** |
| SEALED AIR CORPORATION, and WILLIAM G. STIEHL, | : : | |
| Defendants. | : : | |
|  | x | |

Defendant William Stiehl ("Stiehl"), by and through his undersigned attorneys, hereby answers and responds to Plaintiffs' Corrected Amended Complaint, dated July 13, 2020 (the "Complaint").

## RESPONSES TO SPECIFIC ALLEGATIONS

**PREAMBLE:** The allegations in the preamble consist of Plaintiffs' characterization of their claims and of the putative class, to which no response is required. To the extent a response is required, Stiehl admits that the preamble identifies the lead and named Plaintiffs to this Action. With respect to the remaining allegations in the preamble, Stiehl lacks knowledge or information sufficient to form a belief as to the truth of those allegations and denies that they provide a complete and accurate description of the subject matter described therein and, on that basis, denies them.

1.      Paragraph 1 contains a characterization of Plaintiffs' lawsuit, to which no response is required. To the extent a response is required, Stiehl denies the allegations in Paragraph 1, except admits that Plaintiffs purport to bring a class action lawsuit. Stiehl reserves all rights to oppose any purported amendment by Plaintiffs of the Class definition and/or Class Period and reserves all right to oppose any motion for class certification.

2.      Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, except he admits that Sealed Air manufactures Bubble Wrap® and Cryovac®, and admits that it has been involved in investigations by the U.S. Department of Justice and U.S. Securities and Exchange Commission.

3.      Stiehl denies the allegations in Paragraph 3, except admits that (i) on March 31, 1998, Sealed Air completed a series of transactions through which it became the parent corporation to a subsidiary containing W.R. Grace & Co.'s ("Grace") packaging business, and (ii) Grace agreed to indemnify and defend Sealed Air against certain liabilities of Grace, including certain asbestos-related claims.

**4.** Stiehl denies the allegations in Paragraph 4, except admits that (i) since the beginning of 2000, Sealed Air was served with a number of lawsuits asserting various causes of action and alleging that it was responsible for certain alleged asbestos liabilities of Grace and its subsidiaries, (ii) Grace filed a bankruptcy petition on or around April 2, 2001, and (iii) it entered into a definitive settlement agreement with the Committees appointed to represent asbestos claimants, which agreement was approved by the U.S. Bankruptcy Court in Delaware in June 2005.

**5.** Stiehl denies the allegations in Paragraph 5, except admits that (i) Grace emerged from bankruptcy in 2014, (ii) a Sealed Air subsidiary made aggregate cash payments in the amount of $929.7 million to the WRG Asbestos PI Trust (the "PI Trust") and the WRG Asbestos PD Trust (the "PD Trust') and transferred 18 million shares of Sealed Air common stock to the PI Trust, (iii) Sealed Air reduced taxable income by approximately $1.49 billion for the payments made pursuant to the Settlement agreement, and (iv) the IRS has proposed to disallow, as deductible expenses, the entirety of the $1.49 billion settlement payments.

**6.** Paragraph 6 purports to characterize the contents of a Form 8-K filed by Sealed Air dated November 14, 2014, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**7.** Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**8.** Stiehl denies the allegations in Paragraph 8.

**9.** Stiehl denies the allegations in Paragraph 9.

**10.** Stiehl denies the allegations in Paragraph 10.

**11.** Stiehl admits the first sentence of Paragraph 11. The second sentence of Paragraph 11 purports to characterize publicly available share price data and trading volume data for Sealed Air stock, to which Stiehl respectfully refers the Court.

12.     Stiehl admits that Sealed Air received an additional subpoena from the SEC on May 2, 2019 and that such subpoena related to the process by which Sealed Air selected EY to serve as its audit firm and relating to the independence of that firm.

13.     The first sentence of Paragraph 13 purports to characterize the contents of a June 20, 2019 Sealed Air press release, to which Stiehl respectfully refers the Court for its complete and accurate contents, except that to the extent that the allegations in the first sentence of Paragraph 13 purport to characterize Stiehl's separation of employment from Sealed Air, Stiehl denies that the allegations accurately and completely describe the circumstances of his separation and, on that basis, denies them. The second sentence of Paragraph 13 purports to characterize publicly available share price data and trading volume data for Sealed Air stock, to which Stiehl respectfully refers the Court.

14.     Paragraph 14 purports to characterize the contents of a Sealed Air Form 10-Q dated August 2, 2019, to which Stiehl respectfully refers the Court for its complete and accurate contents.

15.     Paragraph 15 purports to characterize the contents of a Sealed Air Form 8-K dated August 12, 2019, to which Stiehl respectfully refers the Court for its complete and accurate contents.

16.     Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl admits that Plaintiffs purport to bring claims under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5.

17.     Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl admits that this Court has subject matter jurisdiction over the claims asserted in this action.

18.     The first two sentences of Paragraph 18 contain legal conclusions to which no response is required.  To the extent a response is required, Stiehl admits that venue is proper.  Stiehl otherwise denies the allegations in Paragraph 18, except admits that Sealed Air's common shares trade on the New York

Stock Exchange.

19.     Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, except admits that the allegations in Paragraph 23 were accurate as of the time he separated from his employment with the Company.

24.     Stiehl admits the allegations in the first sentence of Paragraph 24.  Stiehl denies the allegations in the second sentence of Paragraph 24, except admits that Sealed Air's Board of Directors appointed him as Senior Vice President and CFO effective June 7, 2018 and that effective June 7, 2018, he no longer served as Chief Accounting Officer, Controller, or Acting CFO.  Stiehl denies the allegations in the third sentence of Paragraph 24, except admits that he served as Senior Vice President and CFO until June 19, 2019.

25.     Stiehl denies the allegations in Paragraph 25, except admits that as a senior executive with the Company, Stiehl had access to non-public information regarding Sealed Air's business.

26.     Stiehl denies the allegations in Paragraph 26.

27.     The allegations in the first sentence of Paragraph 27 contain legal conclusions to which no response is required.  To the extent a response is required, Stiehl denies the allegations in the first sentence

of Paragraph 27.  Stiehl otherwise denies the allegations in Paragraph 27.

28.    Stiehl denies the allegations in Paragraph 28.

29.    Stiehl denies the allegations in Paragraph 29.

30.    Stiehl admits the allegations in the first sentence of Paragraph 30.  Stiehl denies the allegations in the second sentence of Paragraph 30, except admits that at the time he left Sealed Air, the Company's reporting segments were called Food Care and Product Care.

31.    Stiehl denies the allegations in Paragraph 31, except admits that at the time he left Sealed Air, a segment previously called Food Care (i) provided integrated packaging materials and equipment solutions to provide food safety, shelf life extension, and total cost optimization with packaging designed to enable customers to reduce costs and enhance their brands in the marketplace, (ii) largely served perishable food processors, predominantly in fresh red meat, smoked and processed meats, poultry and dairy (solids and liquids) markets worldwide, and (iii) largely sold its applications direct to customers by sales, marketing and customer service personnel throughout the world.

32.    Stiehl denies the allegations in Paragraph 32, except admits that at the time he left Sealed Air, a segment previously called Product Care sold solutions (i) designed to protect goods in shipping, and assist customers in increasing their order fulfillment velocity while minimizing material usage, dimensional weight and packaging labor requirements, (ii) largely through supply distributors that sell to business/industrial end users and additionally directly to fabricators, original equipment manufacturers, contract manufacturers, third-party logistics partners, e-commerce/fulfillment operations, and at various retail centers, and (iii) including Bubble Wrap® packaging, Cryovac® performance shrink films, Instapak® polyurethane foam packaging systems, and Korrvu® suspension and retention packaging.

33.    Stiehl admits that the allegations in Paragraph 33 are accurate characterizations as of the time he left Sealed Air.

34.     Stiehl denies the allegations in Paragraph 34, except admits (i) on March 31, 1998, Sealed Air completed a series of transactions through which it became the parent corporation to a subsidiary containing W.R. Grace & Co.'s ("Grace") packaging business, and (ii) Grace agreed to indemnify and defend Sealed Air against certain liabilities of Grace, including certain asbestos-related claims.

35.     Stiehl denies the allegations in Paragraph 35, except admits that (i) since the beginning of 2000, Sealed Air was served with a number of lawsuits asserting various causes of action and alleging that it was responsible for certain alleged asbestos liabilities of Grace and its subsidiaries, (ii) Grace filed a bankruptcy petition on or around April 2, 2001, and (iii) Sealed Air entered into a definitive settlement agreement with the Committees appointed to represent asbestos claimants, which agreement was approved by the U.S. Bankruptcy Court in Delaware in June 2005.

36.     Stiehl denies the allegations in Paragraph 36, except admits that Sealed Air entered into a definitive settlement agreement with the Committees appointed to represent asbestos claimants and refers to the entirety of that agreement for a complete statement of its contents.

37.     Stiehl denies the allegations in Paragraph 37, except admits that in February 2014, (i) Grace emerged from bankruptcy, (ii) a Sealed Air subsidiary made aggregate cash payments in the amount of $929.7 million (which included accrued interest) to the WRG Asbestos PI Trust (the "PI Trust") and the WRG Asbestos PD Trust (the "PD Trust') and transferred 18 million shares of Sealed Air common stock to the PI Trust.

38.     Stiehl denies the allegations in Paragraph 38, except admits that in Sealed Air's Form 10-K for the fiscal year ending December 31, 2002, it reported (i) a contractual obligation of approximately $513 million related to the cash portion of the asbestos settlement, and (ii) a deferred tax asset of approximately $262 million related to the asbestos settlement.

39.     Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 39 and refers the Court to the Company's SEC filings during the Class Period as to Sealed Air's deferred tax assets and to relevant provisions of the Internal Revenue Code and to widely recognized accounting authorities concerning the matters alleged.  Stiehl otherwise denies the allegations in Paragraph 39.

40. The allegations in Paragraph 40 contain accounting conclusions.  To the extent a response is required, Stiehl refers the Court to relevant provisions of the Internal Revenue Code and to widely recognized accounting authorities concerning the matters alleged.  Stiehl otherwise denies the allegations in Paragraph 40.

41. Stiehl denies the allegations in Paragraph 41, except admits that Sealed Air (i) reduced taxable income by approximately $1.49 billion in 2014, (ii) reported a net operating loss for U.S. tax purposes in 2014, (iii) carried back, for 10 years, more than $1 billion of the loss, (iv) recorded a $247 million income tax receivable, and (v) recorded net deferred tax assets of $144 million for U.S. federal net operating losses and $31 million for state net operating loss carry forwards.

42. Stiehl denies the allegations in Paragraph 42, except admits that (i) Sealed Air received a $235 million tax refund during the first quarter of 2015, and (ii) Sealed Air disclosed that the IRS has proposed to disallow, as deductible expenses, the entirety of the $1.49 billion.

43. Stiehl denies the allegations in the first sentence of Paragraph 43, except admits that Plaintiffs have purported to bring a class action with a Class Period beginning on November 17, 2014. The second sentence of Paragraph 43 purports to characterize the contents of a Sealed Air Form 8-K filed on November 14, 2014, to which Stiehl respectfully refers the Court for its complete and accurate contents.

44. Paragraph 44 purports to characterize the contents of a Sealed Air Form 8-K filed on November 14, 2014, to which Stiehl respectfully refers the Court for its complete and accurate contents.

45. Stiehl denies the allegations in Paragraph 45, including all of its sub-parts.

**46.**     Stiehl admits the allegations in Paragraph 46.

**47.**     Paragraph 47 purports to characterize the contents of a Sealed Air Form 10-K filed on February 27, 2015, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**48.**     Paragraph 48 purports to characterize the contents of a Sealed Air Form 10-K filed on February 27, 2015, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**49.**     Paragraph 49 purports to characterize the contents of Sealed Air's website, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**50.**     Paragraph 50 purports to characterize the contents of Sealed Air's website, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**51.**     Stiehl denies the allegations in Paragraph 51, including all of its sub-parts.

**52.**     Stiehl admits the allegations in the first sentence of Paragraph 52.  The remainder of Paragraph 52 purports to characterize the contents of a Sealed Air Schedule 14A filed on April 2, 2015, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**53.**     Paragraph 53 purports to characterize the contents of a Sealed Air Schedule 14A filed on April 2, 2015, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**54.**     Stiehl denies the allegations in Paragraph 54, including all of its sub-parts.

**55.**     Stiehl admits the allegations in the first sentence of Paragraph 55.  The remainder of Paragraph 55 purports to characterize the contents of a Sealed Air Form 10-Q filed on May 5, 2015, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**56.**     Stiehl admits the allegations in the first sentence of Paragraph 56.  The remainder of Paragraph 56 purports to characterize the contents of a Sealed Air Form 10-Q filed on August 4, 2015, to which Stiehl respectfully refers the Court for its complete and accurate contents.

**57.**     Stiehl admits the allegations in the first sentence of Paragraph 57.  The remainder of

Paragraph 57 purports to characterize the contents of a Sealed Air Form 10-Q filed on November 3, 2015, to which Stiehl respectfully refers the Court for its complete and accurate contents.

58. Stiehl denies the allegations in Paragraph 58, including all of its sub-parts.

59. Stiehl admits the allegations in Paragraph 59.

60. Paragraph 60 purports to characterize the contents of a Sealed Air Form 10-K filed on February 22, 2016, to which Stiehl respectfully refers the Court for its complete and accurate contents.

61. Paragraph 61 purports to characterize the contents of a Sealed Air Form 10-K filed on February 22, 2016, to which Stiehl respectfully refers the Court for its complete and accurate contents.

62. Stiehl denies the allegations in Paragraph 62, including all of its sub-parts.

63. Stiehl admits the allegations in the first sentence of Paragraph 63. The remainder of Paragraph 63 purports to characterize the contents of a Sealed Air Form 10-Q filed on May 2, 2016, to which Stiehl respectfully refers the Court for its complete and accurate contents.

64. Stiehl admits the allegations in the first sentence of Paragraph 64. The remainder of Paragraph 64 purports to characterize the contents of a Sealed Air Form 10-Q filed on August 1, 2016, to which Stiehl respectfully refers the Court for its complete and accurate contents.

65. Stiehl admits the allegations in the first sentence of Paragraph 65. The remainder of Paragraph 65 purports to characterize the contents of a Sealed Air Form 10-Q filed on October 31, 2016, to which Stiehl respectfully refers the Court for its complete and accurate contents.

66. Stiehl denies the allegations in Paragraph 66, including all of its sub-parts.

67. Stiehl admits the allegations in Paragraph 67.

68. Paragraph 68 purports to characterize the contents of a Sealed Air Form 10-K filed on February 15, 2017, to which Stiehl respectfully refers the Court for its complete and accurate contents.

69. Paragraph 69 purports to characterize the contents of a Sealed Air Form 10-K filed on

February 15, 2017, to which Stiehl respectfully refers the Court for its complete and accurate contents.

70.    Stiehl denies the allegations in Paragraph 70, including all of its sub-parts.  Stiehl further states that the Court dismissed Plaintiffs' claims based on certain of these alleged representations.  *See* Order Granting in Part and Denying in Part Motion to Dismiss, ECF No. 46 at 11, 19.

71.    Stiehl admits the allegations in the first sentence of Paragraph 71.  The remainder of Paragraph 71 purports to characterize the contents of a Sealed Air Form 10-Q filed on May 10, 2017, to which Stiehl respectfully refers the Court for its complete and accurate contents.

72.    Stiehl admits the allegations in the first sentence of Paragraph 72.  The remainder of Paragraph 72 purports to characterize the contents of a Sealed Air Form 10-Q filed on August 9, 2017, to which Stiehl respectfully refers the Court for its complete and accurate contents.

73.    Stiehl denies the allegations in Paragraph 73, including all of its sub-parts.

74.    Paragraph 74 purports to characterize the contents of a Sealed Air Form 8-K filed on October 20, 2017, to which Stiehl respectfully refers the Court for its complete and accurate contents.

75.    Stiehl admits the allegations in the first sentence of Paragraph 75.  The remainder of Paragraph 75 purports to characterize the contents of a Sealed Air Form 10-Q filed on November 9, 2017, to which Stiehl respectfully refers the Court for its complete and accurate contents.

76.    Paragraph 76 purports to characterize the contents of a Sealed Air Form 10-Q filed on November 9, 2017, to which Stiehl respectfully refers the Court for its complete and accurate contents.

77.    Stiehl denies the allegations in Paragraph 77, including all of its sub-parts.

78.    Stiehl admits the allegations in Paragraph 78.

79.    Paragraph 79 purports to characterize the contents of a Sealed Air Form 10-K filed on February 21, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.

80.    Paragraph 80 purports to characterize the contents of a Sealed Air Form 10-K filed on

February 21, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.

81.     Paragraph 81 purports to characterize the contents of a Sealed Air Form 10-K filed on February 21, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.

82.     Stiehl denies the allegations in Paragraph 82, including all of its sub-parts

83.     Stiehl admits the allegations in the first sentence of Paragraph 83.  The remainder of Paragraph 83 purports to characterize the contents of a Sealed Air Form 10-Q filed on May 7, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.

84.     Paragraph 84 purports to characterize the contents of a Sealed Air Form 10-Q filed on May 7, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.

85.     Stiehl denies the allegations in Paragraph 85, including all of its sub-parts.

86.     Paragraph 86 purports to characterize the contents of a Sealed Air Form 8-K filed on June 7, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.

87.     Stiehl admits the allegations in the first sentence of Paragraph 87.  The remainder of Paragraph 87 purports to characterize the contents of a Sealed Air Form 10-Q filed on August 6, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.

88.     Paragraph 88 purports to characterize the contents of a Sealed Air Form 10-Q filed on August 6, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.

89.     Paragraph 89 purports to characterize the contents of a Sealed Air Form 10-Q filed on August 6, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents.  Stiehl otherwise denies the allegations in Paragraph 89.

90.     Paragraph 90 purports to characterize publicly available share price data and trading volume data for Sealed Air stock, to which Stiehl respectfully refers the Court.

91.     Stiehl denies the allegations in Paragraph 91, including all of its sub-parts.

92.     Paragraph 92 purports to characterize the contents of a June 20, 2019 Sealed Air Form 8-K, to which Stiehl respectfully refers the Court for its complete and accurate contents.

93.     Stiehl denies that the allegations in the second sentence of Paragraph 93 concerning Stiehl's separation from employment with Sealed Air accurately and completely describe such separation and, on that basis, denies them.  Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93.

94.     Paragraph 94 purports to characterize publicly available share price data and trading volume data for Sealed Air stock, to which Stiehl respectfully refers the Court.

95.     Paragraph 95 purports to characterize the contents of a Sealed Air Form 10-Q filed on August 2, 2019, to which Stiehl respectfully refers the Court for its complete and accurate contents.

96.     Paragraph 96 purports to characterize the contents of a Sealed Air Form 8-K filed on August 12, 2019, to which Stiehl respectfully refers the Court for its complete and accurate contents.

97.     Paragraph 97 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 97.

98.     Paragraph 98 purports to characterize the contents of the instructions to Item 303(a) of Regulation S-K, to which Stiehl respectfully refers the Court for its complete and accurate contents.

99.     Paragraph 99 purports to characterize the contents of SEC guidance, to which Stiehl respectfully refers the Court for its complete and accurate contents.  Stiehl otherwise denies the allegations in Paragraph 99.

100.    Stiehl denies the allegations in Paragraph 100.

101.    The allegations in the first sentence and the first clause of the second sentence of Paragraph 101 contain legal conclusions to which no response is required.  To the extent a response is required, Stiehl denies the allegations in the first sentence and the first clause of the second sentence of Paragraph 101.

Stiehl otherwise denies the allegations in Paragraph 101.

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Stiehl denies the allegations in Paragraph 102.

103. Stiehl denies the allegations in Paragraph 103, including all of its sub-parts.

104. Stiehl denies the allegations in Paragraph 104.

105. Stiehl denies the allegations in Paragraph 105.

106. Paragraph 106 purports to characterize an SEC Staff Accounting Bulletin, to which Stiehl respectfully refers the Court for its complete and accurate contents. Stiehl otherwise denies the allegations in Paragraph 106.

107. The first sentence of Paragraph 107 purports to characterize an SEC Staff Accounting Bulletin, to which Stiehl respectfully refers the Court for its complete and accurate contents. Stiehl otherwise denies the allegations in Paragraph 107.

108. Stiehl denies the allegations in Paragraph 108.

109. The first sentence of Paragraph 109 purports to characterize an SEC Staff Accounting Bulletin, to which Stiehl respectfully refers the Court for its complete and accurate contents. To the extent the second and third sentences of Paragraph 109 purport to characterize publicly available share price and market capitalization data, Stiehl respectfully refers the Court to that public data. Stiehl otherwise denies the allegations in Paragraph 109.

110. Stiehl denies the allegations in Paragraph 110.

111. Stiehl denies the allegations in Paragraph 111.

112. Stiehl denies the allegations in Paragraph 112.

113. Stiehl denies the allegations in Paragraph 113, except admits that he was a senior executive with the Company and participated in the process whereby EY was selected as an auditor for Sealed Air.

114.    Stiehl denies that the allegations in Paragraph 114 relating to Stiehl's separation from employment accurately and completely describe said separation and, on that basis, denies them.  Stiehl denies the remaining allegations in Paragraph 114.

115.    Stiehl denies the allegations in Paragraph 115.

116.    Stiehl denies the allegations in Paragraph 116.

117.    Stiehl denies the allegations in Paragraph 117.

118.    Paragraph 118 contains legal conclusions to which no response is required.  Stiehl otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.    Stiehl denies the allegations in Paragraph 119.

120.    Stiehl admits that he sold 9,000 shares of Sealed Air stock on the dates referenced in Paragraph 120.  Stiehl denies that the sale of these shares is related in any way to his "motivations" for conduct alleged in the Complaint, or that the shares were sold at "inflated" prices.  Stiehl denies that he was engaged in any fraudulent conduct.  Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding stock sales involving other individuals.  To the extent any further response is required to Plaintiffs' chart and footnote, such matters purport to characterize publicly available transaction data disclosed in SEC Forms 4, to which Stiehl respectfully refers the Court for their complete and accurate contents.  Stiehl denies the remaining allegations in Paragraph 120.

121.    Stiehl denies the allegations in Paragraph 121.

122.    Stiehl denies the allegations in Paragraph 122.

123.    Stiehl denies the allegations in Paragraph 123.

124.    Stiehl denies the allegations in Paragraph 124.

125.    Stiehl denies the allegations in Paragraph 125.

126.   Stiehl denies that he made the disclosure referenced by the allegations in the first sentence of Paragraph 126. Stiehl further states that the first sentence of Paragraph 126 purports to characterize the contents of a Sealed Air Form 10-Q filed on August 6, 2018, to which Stiehl respectfully refers the Court for its complete and accurate contents. The second sentence of Paragraph 126 purports to characterize publicly available share price data and trading volume data for Sealed Air stock, and publicly available market capitalization data, to which Stiehl respectfully refers the Court. Stiehl otherwise denies the allegations in Paragraph 126.

127.   Stiehl denies that he made the disclosure referenced by the allegations in the first sentence of Paragraph 127. Stiehl further states that the first sentence of Paragraph 127 purports to characterize the contents of a Sealed Air Form 8-K filed on June 20, 2019, to which Stiehl respectfully refers the Court for its complete and accurate contents. The second sentence of Paragraph 127 purports to characterize publicly available share price data and trading volume data for Sealed Air stock, and publicly available market capitalization data, to which Stiehl respectfully refers the Court. Stiehl otherwise denies the allegations in Paragraph 127.

128.   The first sentence of Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, Stiehl denies the allegations in the first sentence of Paragraph 128. Stiehl denies the allegations in the second sentence of Paragraph 128. Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 128, except denies that Plaintiffs or anyone else suffered damages within the meaning of the federal securities laws.

129.   Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 129. Stiehl denies the allegations in the second sentence of Paragraph 129. Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in the third sentence of Paragraph 129, except denies that Plaintiffs or anyone else suffered damages within the meaning of the federal securities laws.

130.    Stiehl denies the allegations in Paragraph 130.

131.    Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl admits that Sealed Air's common stock met the requirements for listing and was listed and traded on the NYSE, that Sealed Air filed reports with the SEC, and that Sealed Air communicated with public investors through various means of public disclosures.  Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131.

132.    Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 132.  Stiehl denies the allegations in the second sentence of Paragraph 132.

133.    Stiehl denies the allegations in Paragraph 133.

134.    Paragraph 134 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 134.

135.    Paragraph 135 contains a characterization of Plaintiffs' lawsuit, to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 135, except admits that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a purported class that Plaintiffs describe.  Stiehl reserves all rights to oppose any purported amendment by Plaintiffs of the Class definition and/or the Class Period and reserves all right to oppose any motion for class certification.

136.    Paragraph 136 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 136, except admits that Sealed Air's common shares are traded publicly on the NYSE and refers the Court to publicly available data regarding

the number of shares outstanding.

137.    Paragraph 137 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 137.

138.    Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 139.

140.    Paragraph 140 contains legal conclusions to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 140.

141.    Sealed Air repeats and realleges his answers to each and every allegation contained above as though fully set forth herein.

142.    Paragraph 142 contains a characterization of Plaintiffs' lawsuit, to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 142, except admits that Plaintiffs purport to bring claims under Section 10(b) of the Exchange Act and SEC Rule 10b-5.        Stiehl further states that the Court has held that Stiehl did not make certain of the statements addressed by this Count, and that certain statements relating to the Code of Conduct and the Code of Ethics are not actionable, and thus these statements are not at issue with respect to Stiehl.  Order Granting in Part and Denying in Part Motion to Dismiss, ECF No. 46 at 11, 15–16, 19.

143.    Stiehl denies the allegations in Paragraph 143.  Stiehl further states that the Court has held that Stiehl did not make certain of the statements addressed by this Count, and that certain statements relating to the Code of Conduct and the Code of Ethics are not actionable, and thus these statements are not at issue with respect to Stiehl.  Order Granting in Part and Denying in Part Motion to Dismiss, ECF

No. 46 at 11, 15–16, 19.

144.    Stiehl denies the allegations in Paragraph 144.

145.    Stiehl denies the allegations in Paragraph 145.

146.    Stiehl admits that he was a senior executive during part of the Class Period, but denies that he was in a "senior executive position[]" for the entirety of the Class Period.  Stiehl admits that he had access to non-public information regarding Sealed Air's business.  Stiehl also admits that he participated in certain of Sealed Air's public filings.  Stiehl otherwise denies the allegations in Paragraph 146.

147.    Stiehl denies the allegations in Paragraph 147.

148.    Stiehl denies the allegations in Paragraph 148.

149.    Stiehl denies the allegations in Paragraph 149.

150.    Stiehl denies the allegations in Paragraph 150.

151.    Stiehl repeats and realleges his answers to each and every allegation contained above as though fully set forth herein.

152.    Paragraph 152 contains a characterization of Plaintiffs' lawsuit, to which no response is required.  To the extent a response is required, Stiehl denies the allegations in Paragraph 152, except admits that Plaintiffs purport to bring a claim against Stiehl under Section 20(a) of the Exchange Act.

153.    Stiehl denies the allegations in Paragraph 153.

154.    Stiehl denies the allegations in Paragraph 154.

155.    Stiehl denies the allegations in Paragraph 155, except admits that he participated in certain aspects of the Company's operation and participated in the process whereby EY was selected as an auditor for Sealed Air.

156.    Stiehl denies the allegations in Paragraph 156.

157.    Stiehl denies the allegations in Paragraph 157.

## ANSWER TO PRAYER FOR RELIEF

Stiehl denies that Plaintiffs or any putative class members that Plaintiffs purport to represent are entitled to the relief sought in the Prayer for Relief or under any other theory. Stiehl requests that the Court dismiss all claims against Stiehl with prejudice and order such further relief as the Court deems just and proper.

## ANSWER TO JURY DEMAND

The allegations in the Jury Demand consist of Plaintiffs' demand for a trial by jury, to which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any defense or issue that would otherwise rest on Plaintiffs or as to any element of Plaintiffs' claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of his investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, Stiehl asserts the following defenses. These defenses do not include defenses to the Dismissed Claims.

## FIRST DEFENSE

Plaintiffs' and any putative class members' claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to state a claim against Stiehl upon which relief may be granted and fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

## SECOND DEFENSE

Plaintiffs' and any putative class members' claims are barred, in whole or in part, to the extent the challenged disclosures at issue in this litigation were forward-looking statements rendered inactionable by the safe harbor set forth in the Private Securities Litigation Reform Act.

20

## THIRD DEFENSE

In the event that a final judgment is rendered against any defendant, any damage, loss, or liability purportedly sustained by Plaintiffs or any putative class member must be reduced, diminished, and/or eliminated under the limitations to damages imposed by 15 U.S.C. § 78u-4(e).

## FOURTH DEFENSE

Plaintiffs and any putative class members failed to mitigate, minimize, or avoid their damages, if any.

## FIFTH DEFENSE

The putative class alleged in the Complaint cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

Plaintiffs' claims against Stiehl are barred, in whole or part, because Plaintiffs and members of the purported putative class knew or had reason to know the truth of the matters addressed in the alleged false or misleading statements of material fact or omissions of material fact on which their claims are based.

## SEVENTH DEFENSE

Plaintiffs' claims against Stiehl are barred, in whole or part, because some or all of the matters now claimed by the Complaint to be the subject of false or misleading statements of material fact or omissions of material fact were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and members of the purported putative class and were at all times reflected in the price of Sealed Air's common stock.

## EIGHTH DEFENSE

Plaintiffs' claims against Stiehl are barred, in whole or part, because the conduct of persons and/or entities other than Stiehl was the cause (or a suspending or intervening cause) of any damage, loss, or

injury sustained by Plaintiffs or members of the purported putative class.  Any alleged damages claimed to have been sustained by Plaintiffs or members of the purported putative class were therefore not actually or proximately caused by Stiehl.

## NINTH DEFENSE

Plaintiffs' claims against Stiehl are barred, in whole or part, because Plaintiffs and members of the purported putative class would have purchased at-issue common stock shares even with full knowledge of the facts that they now allege were misrepresented or omitted (which Stiehl denies).

## TENTH DEFENSE

Plaintiffs' claims against Stiehl are barred, in whole or part, because one or more members of the purported putative class ratified the alleged wrongful acts and omissions alleged in the Complaint.

## ELEVENTH DEFENSE

Plaintiffs' claims against Stiehl are barred, in whole or in part, because Stiehl believed and had a reasonable basis to believe that each of the statements alleged to be false or misleading was true when made.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs' purchases were not domestic transactions as required by *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).

## THIRTEENTH DEFENSE

Plaintiffs' claims against Stiehl are barred, in whole or part, because Stiehl at all times acted in good faith and in reasonable reliance upon the representations, reports, expert opinions and advice of others.  Stiehl believed that those individuals upon whose representations, reports, expert opinions and advice he relied were, in fact, expert in their field and were competent to render the opinions they provided. Stiehl had no reasonable grounds to believe that the representations, reports, expert opinions and advice

provided were in any way inadequate, unfounded or incorrect, and assuming *arguendo* that they were (which Stiehl denies), Stiehl had no notice of this fact.

### FOURTEENTH DEFENSE

Plaintiffs' claims against Stiehl are barred, in whole or in part, to the extent they are beyond the applicable statute(s) of limitations and/or repose.

### RESERVATION OF DEFENSES

Additional facts may be revealed by future discovery that support additional defenses presently available to, but unknown to, Stiehl.  Stiehl therefore reserves the right to assert additional defenses, cross-claims, and third-party claims, not asserted herein of which he may become aware through discovery or other investigation as may be appropriate.

WHEREFORE, Stiehl respectfully requests entry of judgment granting the following relief:

(a)    dismissing the Complaint with prejudice and granting judgment in favor of defendants on all claims;

(b)    awarding the costs of defending this action, including attorneys' fees, costs and disbursements; and

(c)    granting such further relief as this Court may deem just and proper.

DATED:  July 15, 2021

*/s/ William J. Schwartz*

William J. Schwartz
Michael J. Berkovits

55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Email: wschwartz@cooley.com
      mberkovits@cooley.com

*Attorneys for Defendant William G. Stiehl*

24

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 15, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.



*/s/ William J. Schwartz*
WILLIAM J. SCHWARTZ