ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

UA LOCAL 13 & EMPLOYERS GROUP
INSURANCE FUND, Individually and on
Behalf of All Others Similarly Situated,

                              Plaintiff,

vs.

SEALED AIR CORPORATION and
WILLIAM G. STIEHL,

                              Defendants.

———————————————————— x

Civil Action No. 1:19-cv-10161-LLS-RWL

CLASS ACTION

**JOINT STIPULATION AND
[PROPOSED]
PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and Defendants (collectively, the "Parties")[1] to the above-captioned action (the "Action") respectfully request that the Court issue a protective order to protect certain confidential, proprietary or private information that may be produced in the course of discovery in this Action, and to guard against the waiver of attorney-client privilege, work product protection pursuant to Federal Rule of Evidence 502(d), and other applicable privileges. The Parties, by and through their respective undersigned counsel, hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

**I.      DEFINITIONS**

1.      **Confidential Discovery Material**.  Any Discovery Material designated as "Confidential" pursuant to the terms of this Joint Stipulation and Order.

---

[1] "Plaintiffs" refers to Lead Plaintiffs UA Local 13 Pension Fund, UA Local 13 & Employers Group Insurance Fund, Plumbers & Steamfitters Local 267 Pension Fund, and additional Plaintiff Plumbers and Steamfitters Local No. 7 Pension and Welfare Funds. "Defendants" refers to Sealed Air Corporation and William G. Stiehl.

2. **Designating Party**. Any Party or Non-Party who designates information or items for protection pursuant to the terms of this Joint Stipulation and Order.

3. **Discovery Material**. Any information provided in the course of discovery in this Action, including, but not limited to, information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, and tangible things.

4. **Inadvertently Disclosed Information**. Information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege, that a Producing Party inadvertently discloses to a Receiving Party in this Action.

5. **Non-Party**. Any person or entity that is not a Party to the Action.

6. **Challenging Party**. A Party or Non-Party that challenges the designation of Discovery Material as "Confidential" under this Order.

7. **Party**. Any Party to the Action, including all of its officers, directors, employees, consultants, retained experts, and counsel (including their support staff).

8. **Producing Party**. A Party or Non-Party that produces Discovery Material in the Action.

9. **Receiving Party**. A Party that receives Discovery Material from a Producing Party in the Action.

## II. DESIGNATING DISCOVERY MATERIAL

1. Any Producing Party may designate as "Confidential" only such portion of any Discovery Material as that Party believes in good faith consists of:

     (a)    financial information not otherwise disclosed to the public;

     (b)    business plans, product development, formulation, or research information, marketing plans, commercial information or trade secrets not otherwise disclosed to the public;

     (c)    any information of a personal or intimate nature regarding any individual;

- 2 -

(d)     any information entitled to confidential treatment under the Federal Rules of Civil Procedure or other applicable laws or regulations, including information that is subject to U.S. or foreign privacy, data protection or secrecy laws; or

(e)     any other category of information hereinafter given confidential status by the Court.

2.     Extracts, summaries, compilations and descriptions of Confidential Discovery Material and notes, electronic images or databases containing Confidential Discovery Material ("Derivative Information") shall be treated as "Confidential" in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

Nothing in this Order, however, prejudices in any way any objection to, or position concerning, production of the foregoing.

3.     Each Designating Party will take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent requested by any Producing Party as to specific documents, and to the extent it is practical to do so, the Designating Party will designate for protection only those parts of material, documents, items, or oral or written communications that qualify for such protection.

4.     With respect to the "Confidential" portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5.     With respect to deposition transcripts and exhibits, a Designating Party or its counsel may indicate on the record at the deposition or within 14 days of receipt of the final

deposition transcript that the transcript, or a portion thereof, contains "Confidential" information. Transcripts containing "Confidential" testimony shall have an obvious legend on the title page indicating that the transcript contains "Confidential Information," and the title page shall be followed by a list of all pages that have been designated as "Confidential" pursuant to the terms of this Joint Stipulation and Order. From the time of any deposition through 14 days after receipt of the final deposition transcript, the parties shall treat the deposition as Confidential in its entirety notwithstanding that a designation has not been made to that effect.

6.     If prior to the trial of this Action, a Designating Party realizes that some portion(s) of Discovery Material that the Party previously produced without limitation should be designated as "Confidential," that Party may so designate the Discovery Material by apprising all Parties in writing, and such designated portion(s) of Discovery Material will thereafter be treated as "Confidential" pursuant to the terms of this Joint Stipulation and Order. Inadvertent failure to designate Discovery Material as "Confidential" will not operate as a waiver of the Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.

## III.   ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

1.     Any person subject to this Order who receives from any Producing Party Discovery Material that is designated as "Confidential" shall not disclose such Confidential Discovery Material except as expressly permitted herein. Any violation of the terms of this Order shall be punishable by relief the Court deems appropriate.

2.     No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "Confidential" to any other person whomsoever, except to:

      (a)     the Parties to this Action and their insurers;

(b)  counsel retained specifically for this Action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(c)  its author, its addressee, or any other person indicated on the face of the document as having received a copy;

(d)  deponents, or witnesses in this Action, and their counsel, to whom disclosure is reasonably necessary for this litigation;

(e)  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, including consulting experts, provided such person has first signed an undertaking in the form attached as Exhibit A hereto;

(f)  court reporters, and other professional vendors to whom disclosure is reasonably necessary for this Action;

(g)  the Court and its support personnel;

(h)  any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this Action; and

(i)  any other person agreed upon in advance by all Parties to the Action in writing or on the record, or any person as to whom the Court directs should have access.

3.  Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 2(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted herein.  Said counsel shall retain each signed undertaking.

4.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosures; (ii) use best efforts to retrieve all copies of the Confidential Discovery Material; (iii) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Order; and (iv) request that such person(s) either return or destroy the Confidential Discovery Material inadvertently disclosed to them or, if appropriate under the terms of this Order, execute the undertaking in the form attached as Exhibit A hereto.

5.      This Order does not prohibit a Producing Party's use of its own Confidential Discovery Material for any purpose.

6.      This Order does not apply to any information or material that: (i) was, is or becomes public knowledge other than through a breach of this Order; (ii) is acquired or learned by the Receiving Party independent of discovery in this Action; or (iii) is required by law to be made available to third parties.

7.      Unless applicable rules or the Court provide for different notice, if any Receiving Party plans to utilize any Confidential Discovery Material at a court hearing, conference, or trial, that Receiving Party will use reasonable efforts to inform the Producing and/or Designating Party of its intent to use such information in advance of the court appearance, without being obligated to identify the particular Confidential Discovery Material to be used. Whether or not any such advance notice is given, the Receiving Party will provide the Producing and/or Designating Party with an opportunity to approach the Court in confidence, whether in Chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Discovery Material before reference is made to any such Confidential Discovery Material. This provision is not

intended to prohibit counsel from selecting and using Confidential Discovery Material for any court hearing or conference.

## IV. FILING CONFIDENTIAL DISCOVERY MATERIAL

1.      A Party or Non-Party may not file in the public record in this Action any Confidential Discovery Material without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons.

2.      A Party or Non-Party that seeks to file Confidential Discovery Material without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons must file such Confidential Discovery Materials under seal or in redacted form in a manner consistent with Rule 3.B. of the Court's Individual Rules and Practices and Section 6 of the Electronic Case Filing Rules & Instructions for the Southern District of New York, or in any manner otherwise permitted by the Court.

3.      Confidential Discovery Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Discovery Material at issue.  If a Receiving Party's request to file Confidential Discovery Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

4.      The date upon which the Confidential Discovery Material is appended to a motion to file under seal shall act as the date the Confidential Discovery Material is filed with the Court, regardless of the date upon which the Court issues an order on the motion to file under seal.

5.      Nothing herein shall preclude a Party from filing Discovery Materials that the Party itself has designated as Confidential Discovery Material in unredacted form and without requesting sealing.

6.  Sealed records that have been filed may be removed by the Designating Party: (i) within ninety (90) days after a final decision disposing of the Action is rendered if no appeal is taken; or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

## V.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.  A Party may object to the designation of Discovery Material as "Confidential" at any time. Failure to do so at the time of the designation does not operate as a waiver of any Receiving Party's right to challenge the "Confidential" designation of any Discovery Material by any Designating Party.

2.  In the event that a Receiving Party wishes to challenge the designation of any Discovery Material as "Confidential," the Receiving Party shall give written notice to the Designating Party and all Parties to the Action stating with particularity the grounds of the objection or request. The Receiving Party and the Designating Party shall attempt in good faith to resolve all objections by agreement.

3.  If agreement cannot be reached after meeting and conferring, the Receiving Party and the Designating Party (and any other Party or Non-Party affected by the outcome of the dispute) will submit a joint letter-motion, not to exceed six pages, to the Court pursuant to Local Civil Rule 37.2 for a pre-motion discovery conference. If the dispute cannot be resolved as a consequence of such conference, the Designating Party will have ten calendar days to move for a protective order under Fed. R. Civ. P. 26(c)(1). The Discovery Material that is the subject of motion for protective order shall be treated as "Confidential" until the Court rules upon said motion.

## VI.  NO WAIVER

1.  It is the intent of the Parties to assert and preserve all information within the attorney-client privilege, any other applicable privilege, and/or entitled to work-product protection.

Pursuant to Federal Rule of Evidence 502(d), production or disclosure of any Discovery Material in this litigation or any other proceeding that the Producing Party subsequently claims is protected from discovery or disclosure, in full or part, by the attorney-client privilege, the attorney work-product doctrine, and/or any other additional privilege, immunity, or protection, including, but not limited to, the joint defense or common interest doctrines, or applicable laws and regulations (together, "Protected Material"), shall not be deemed to be a waiver of those protections with respect to the Protected Material, the subject matter of the Protected Material or the right to object to the production or disclosure of the Protected Material in this Litigation or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2.      If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work-product protection, , the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

3.      The return, sequester or destruction of any Inadvertently Disclosed Information shall not in any way preclude the Receiving Party from moving the Court for an Order compelling production of the Inadvertently Disclosed Information.  Prior to filing any such motion, however, the Parties shall first attempt in good faith to resolve the dispute and, if an agreement cannot be reached after meeting and conferring, the Parties will submit a joint letter-motion, not to exceed six pages, to the Court pursuant to Local Civil Rule 37.2 for a pre-motion discovery conference. If the dispute cannot be resolved as a consequence of such conference, the Receiving Party will have ten calendar days to move to compel production of the Inadvertently Disclosed Information. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.

4.      Any Party opposing an assertion of attorney-client privilege, any other applicable privilege, and/or entitlement to work-product protection shall not assert as a ground for opposing such an assertion that the party asserting the privilege waived any privilege or protection because of inadvertent production in this litigation.

## VII.   IMMEDIATE AND CONTINUING EFFECT

1.      This Order shall become effective as a Stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

2.      This Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action. Within 60 days of the final disposition of the Action, including the time for appeal, upon request of the Producing Party, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the Producing Party, or, destroyed at the Receiving Party's discretion. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, deposition exhibits, trial exhibits, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material under this Order.

3.      This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## VIII.  LEGAL PROCESS

1.      If a Receiving Party is subpoenaed in another proceeding or served with a document demand or other similar legal process in another proceeding, including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body, and such subpoena or document demand seeks Confidential Discovery Material that was produced by a person or entity other than the recipient of such subpoena or document demand, the Receiving

- 10 -

Party shall, unless otherwise required or prohibited by law, give written notice pursuant to Section VIII(2) hereof, as promptly as reasonably practicable before the return date for such subpoena or document demand, to counsel for the Producing Party that designated the Discovery Material as "Confidential" in this Litigation. The Producing Party shall bear all responsibility for its objection to the production of such Confidential Discovery Material, and the Receiving Party shall not voluntarily make any production of the Confidential Discovery Material until resolution of any objections interposed by the Producing Party, unless compelled or otherwise required by law. The Receiving Party shall make a good faith effort to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for any protection for the Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order. Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring production of Discovery Material designated as "Confidential" in this litigation.

2.      Any notice required by Paragraph VIII(1) hereto shall be sufficient if made, given, furnished, or filed, in writing, to counsel of record.

**SO STIPULATED AND AGREED**

DATED:  January 3, 2022                         ROBBINS GELLER RUDMAN
                                                & DOWD LLP
                                                SAMUEL H. RUDMAN
                                                ROBERT M. ROTHMAN
                                                ROBERT D. GERSON


                                                _____
                                                */s/ Robert M. Rothman*
                                                ROBERT M. ROTHMAN

- 11 -

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com
rgerson@rgrdlaw.com

*Lead Counsel for Plaintiffs*

ASHERKELLY
MICHAEL J. ASHER
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Telephone: 248/746-2710
248/747-2809 (fax)
masher@asherkellylaw.com

TREVETT CRISTO P.C.
MICHAEL T. HARREN
2 State Street, Suite 1000
Rochester, NY 14614
Telephone: 585/454-2181
585/454-4026 (fax)
mharren@trevettcristo.com

BLITMAN & KING LLP
DANIEL R. BRICE
GINGER B. LaCHAPELLE
4443 North Franklin Street
Syracuse, NY 13204-5412
Telephone: 315/422-7111
315/471-2623 (fax)
dbrice@bklawyers.com

*Additional Counsel for Plaintiffs*

/s/ Vincent Levy

MICHAEL S. SHUSTER
VINCENT LEVY
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
Telephone: 646/837-5151
mshuster@hsgllp.com
vlevy@hsgllp.com

*Attorneys for Defendants Sealed Air Corp.*


/s/ Michael Berkovits

WILLIAM SCHWARTZ
MICHAEL BERKOVITS
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Telephone: 212/479-6000
wschwartz@cooley.com
mberkovits@cooley.com

*Attorneys for Defendant William G. Stiehl*

\*       \*       \*

## ORDER

IT IS SO ORDERED.

DATED: _January 4, 2022_       _Louis L. Stanton_
THE HONORABLE LOUIS LEE STANTON
UNITED STATES DISTRICT JUDGE

- 13 -

Case 1:19-cv-10161-LLS Document 63 Filed 01/04/22 Page 14 of 14

## EXHIBIT A

I, _____ state that:

1.  My address is _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____.

4.  I have received a copy of the Joint Stipulation and Order of Confidentiality (the "Order") executed in the above-captioned action (the "Litigation").

5.  I have read and understand the provisions of the Order.

6.  I will comply with the provisions of the Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this Litigation, any Confidential Discovery Information (as defined in the Order) that is disclosed to me.

8.  In accordance with the terms of the Order, I will destroy or, upon request, return to counsel for the party by whom I am employed or retained, all Confidential Discovery Information that comes into my possession.

9.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this Litigation.

Dated:_____

_____