```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
UA LOCAL 13 & EMPLOYERS GROUP
INS. FUND,

                Plaintiffs,

    - against -

19 Civ. 10161 (LLS)

ORDER

SEALED AIR CORP., and
WILLAIM G. STIEHL,

                Defendants.
- - - - - - - - - - - - - - - - - -X

    The issues raised in correspondence submitted to this Court on January 31, 2022 are disposed of as follows:

    (1) Defendants shall disclose to Plaintiffs, in full,

        a. the information which led to the investigation of the selection of Ernst & Young, LLP as Defendant's public accounting firm;

        b. the information learned by that investigation; and

        c. the information upon which the termination of Defendant Stiehl's employment was based; and

    (2) Plaintiffs' request for the SEC and DOJ subpoenas are denied. . The documents are not relevant to loss causation. To compel production of these documents when Plaintiffs' only other reason for needing them is to "better understand the scope of the investigations" would amount to an impermissible fishing expedition.

> Alaska Elec. Pension Fund v. Bank of Am. Corp., No. 14-CV-7126 (JMF), 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) ("Plaintiffs' entire relevancy argument hinges on a general contention that every communication and work product related to the regulatory investigations is "likely" to contain additional relevant information. But that sort of conclusory claim is insufficient to support such an expansive discovery request.").

Additionally, I thank the parties for complying with the Court's request to brief the issue of whether two separate SEC Orders Instituting Public Administrative and Cease-and-Desist Proceedings Pursuant to Sections 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(E) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order ("the Orders") would be admissible against either Defendant at trial. Because it is premature to resolve the admissibility of the Orders prior to motions for summary judgment at the earliest, see Calise v. Casa Redimix Concrete Corp., No. 20 CIV. 7164 (PAE), 2022 WL 355665, at *4 (S.D.N.Y. Feb. 4, 2022) ("the admissibility of a document is 'properly ... considered in the context of a motion for summary judgment.'" (quoting Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 124 (2d Cir. 1991)), I reserve judgment until then.

So Ordered.

Dated:  New York, New York
        April 15, 2022

                                       *Louis L. Stanton*
                                       LOUIS L. STANTON
                                            U.S.D.J.