# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

UA LOCAL 13 & EMPLOYERS GROUP
INSURANCE FUND, Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiff,

   vs.

SEALED AIR CORPORATION and
WILLIAM G. STIEHL,

                    Defendants.

———————————————————— x

  :  Civil Action No. 1:19-cv-10161-LLS-RWL

  :

  :  <u>CLASS ACTION</u>

**DECLARATION OF MICHAEL NANNO IN SUPPORT OF FINAL APPROVAL**

I, Michael Nanno, declare as follows:

1.      I am the Fund Manager for Plumbers & Steamfitters Local 267 Pension Fund (the "Fund"), a plaintiff in the above-captioned case (the "Action"). The Fund was established in 1976 and oversees approximately $155 million in assets under management, providing pension benefits to over 1,200 participants. It has its headquarters in Syracuse, New York. I respectfully submit this declaration in support of: (a) Plaintiffs' Motion for Final Approval of the $12,500,000 settlement (the "Settlement") reached between the Fund (on behalf of itself and Class Members) and the defendants; (b) Lead Counsel's application for an award of attorneys' fees and expenses; and (c) the Fund's request of $4,800.00 for its time incurred in representing the Class.

2.      The Fund understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions. In seeking to participate in the Action as a plaintiff, the Fund understood its duty to serve the interests of Class Members by supervising the management and prosecution of the Action. We vigorously prosecuted this case on behalf of the Class. Ultimately, we agreed to settle the case only after balancing the risks of a trial and appeal, if we prevailed, against the immediate benefit of a $12,500,000 recovery.

3.      As a plaintiff, the Fund kept fully informed regarding case developments and procedural matters over the course of the Action, including engagement with Robbins Geller Rudman & Dowd LLP ("Robbins Geller") concerning the litigation strategy in connection with discovery, class certification and the potential resolution of the Action. In its capacity as a plaintiff, the Fund also: (a) reviewed pleadings and briefs and detailed correspondence concerning the status of the Action; and (b) identified and provided relevant information during the discovery process.

1

4.       In addition to the above, I, on behalf of the Fund, worked closely with Robbins Geller to prepare for and provide deposition testimony on behalf of the Fund and Class Members in connection with Plaintiffs' motion for class certification. In that regard, I met with Robbins Geller attorneys, Robert Rothman, Robert Gerson and Magdalene Economou during a video conference and engaged with them in frequent phone conferences in connection with my deposition. I also discussed with Robbins Geller attorneys the potential for a settlement of the case and considered and analyzed the ranges of potential recoveries depending upon the outcome of various scenarios. I reviewed materials submitted by the parties to the mediator and engaged in discussions with Robbins Geller attorneys in connection with settlement negotiations.

5.       The Fund has evaluated the significant risks and uncertainties of continuing litigation, including the possibility of a nominal recovery or even no recovery at all, and has authorized Lead Counsel to settle this Action for $12,500,000. The Fund is conscious of the possibility of losing at trial and that, even were it to prevail, the defendants likely would appeal, rendering any ultimate recovery for Class Members still years away. The Fund believes this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

6.       While the Fund recognizes that any determination of attorneys' fees and expenses is left to the Court, the Fund believes that Lead Counsel's request for fees of 25% of the Settlement Amount and expenses not to exceed $625,000.00, plus interest on both amounts, is fair and reasonable, as this Settlement would not have been possible without Lead Counsel's diligent and aggressive prosecutorial efforts.

7.       I have expended approximately 32 hours on the prosecution of this Action, which would otherwise have been focused on daily business activities of the Fund, and based upon my

2

overall level of compensation and benefits believe a rate of $150.00 per hour is reasonable and appropriate.

8.    The Fund respectfully requests that the Court grant final approval of the Settlement, approve Lead Counsel's application for an award of attorneys' fees and expenses, and award the Fund $4,800.00 for its time expended in representing the Class in this Action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this /4 day of December, 2022, in Syracuse, New York.

_____
MICHAEL NANNO

3