# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

UA LOCAL 13 & EMPLOYERS GROUP
INSURANCE FUND, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

vs.

SEALED AIR CORPORATION and
WILLIAM G. STIEHL,

Defendants.

——————————————————————— x

: Civil Action No. 1:19-cv-10161-LLS-RWL

: CLASS ACTION

: DECLARATION OF ROSS D. MURRAY
: REGARDING NOTICE DISSEMINATION,
: PUBLICATION, AND REQUESTS FOR
: EXCLUSION RECEIVED TO DATE

I, ROSS D. MURRAY, declare and state as follows:

1.      I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California.  The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and if called to testify I could and would do so competently.

2.      Pursuant to this Court's September 14, 2022 Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order"), Gilardi was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Litigation").[1]  I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

3.      I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding: (i) mailing of the Court-approved Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit A); (ii) publication of the Summary Notice; (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Class received to date by Gilardi.

**DISSEMINATION OF THE CLAIM PACKAGE**

4.      Pursuant to the Notice Order, Gilardi is responsible for disseminating the Claim Package to potential Class Members.  The Class consists of all persons and entities who purchased or otherwise acquired Sealed Air common stock during the period November 17, 2014 through June 20, 2019, inclusive, and were damaged thereby.  Excluded from the Class are Defendants and their immediate families, Sealed Air's officers and directors at all relevant times, as well as their immediate families, Defendants' legal representatives, heirs, successors or assigns and any entity

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 9, 2022 (the "Stipulation") (ECF 100), which is available on the website established for the Settlement at www.SealedAirSecuritiesLitigation.com.

Page 1

in which any Defendant has a controlling interest.  Also excluded from the Class are any Persons who timely and validly request exclusion from the Class as ordered by the Court.

5.    Gilardi received a file via email from Sealed Air's transfer agent, which contained the names and addresses of potential Class Members.  The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 5,555 unique names and addresses.  Gilardi had the unique name and address data printed on to Claim Packages, posted the Claim Packages for First-Class Mail, postage prepaid, and delivered 5,555 Claim Packages on September 28, 2022, to the United States Post Office for mailing.

6.    In addition, on September 29, 2022, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Claim Packages and cover letters to 279 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities.  The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case.  These Nominee Holders are included in a proprietary database created and maintained by Gilardi.  In Gilardi's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities.  The cover letter accompanying the Claim Packages advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Claim Packages to potential Class Members.  In the more than three decades that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders.  Gilardi also mailed Claim Packages and cover letters to the 4,441 institutions included on the U.S. Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing.  A sample of the cover letter mailed to Nominee Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit B.

7.    On September 28, 2022, Gilardi also delivered electronic copies of the Claim Package to 368 registered electronic filers who are qualified to submit electronic claims.  These

filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

8. As part of the notice program for this Settlement, on September 28, 2022, Gilardi also delivered electronic copies of the Claim Package via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Claim Package and contact Gilardi for copies of the Claim Package for their beneficial holders.

9. Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this Settlement. In this regard, Gilardi has forwarded the Claim Package on request to nominees who purchased or acquired Sealed Air common stock for the beneficial interest of other persons. Gilardi has also forwarded the Claim Package directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

10. Following the initial mailing, Gilardi received 22 responses to the outreach efforts described above, which included computer files containing a total of 56,293 names and addresses of potential Class Members. In addition, 28 institutions requested that Gilardi send them a total of 159,205 Claim Packages for forwarding directly to their clients. Gilardi also received one response that included a mailing label with the name and address of one additional potential Class Member. Gilardi has also mailed 194 Notices as a result of returned mail for which new addresses were identified for re-mailing to those potential Class Members. Each of these requests has been completed in a timely manner.

11. As of December 14, 2022, Gilardi has mailed a total of 226,336 Claim Packages to potential Class Members and nominees.

**PUBLICATION OF THE SUMMARY NOTICE**

12. In accordance with the Notice Order, on October 5, 2022, Gilardi caused the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit C.

Page 3

## TELEPHONE HELPLINE AND WEBSITE

13.     On September 28, 2022, Gilardi established and continues to maintain a case-specific, toll-free telephone helpline, 1-888-750-4955, to accommodate potential Class Member inquiries.  The toll-free number was set forth in the Notice and on the case website.  Gilardi has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.

14.     On September 28, 2022, Gilardi established and continues to maintain a website dedicated to this Settlement (www.SealedAirSecuritiesLitigation.com) to provide additional information to Class Members and to provide answers to frequently asked questions.  The web address was set forth in the Claim Package and the Summary Notice.  The website includes information regarding the Litigation and the Settlement, including the objection and claim filing deadlines, and the date, time, and location of the Court's Settlement Hearing.  Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading.  Class Members can also complete and submit a Proof of Claim through the website.

## REQUESTS FOR EXCLUSION RECEIVED TO DATE

15.     The Notice informs potential Class Members that written requests for exclusion from the Class must be mailed to *Sealed Air Securities Litigation*, Claims Administrator, EXCLUSIONS, c/o Gilardi & Co. LLC, P.O. Box 5100, Larkspur, CA 94977-5100, such that they are postmarked no later than December 30, 2022.

16.     The Notice also sets forth the information that must be included in each request for exclusion.  Gilardi has monitored and will continue to monitor all mail delivered to this address.  As of the date of this declaration, Gilardi has received one request for exclusion, a redacted copy of which is attached hereto as Exhibit D.

Page 5

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 15th day of December, 2022, at San Rafael, California.

_____

ROSS D. MURRAY

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

UA LOCAL 13 & EMPLOYERS GROUP
INSURANCE FUND, Individually and on Behalf of
All Others Similarly Situated,

                         Plaintiff,

      vs.

SEALED AIR CORPORATION and WILLIAM G.
STIEHL,

                    Defendants.

——————————————————————— x

  :  Civil Action No. 1:19-cv-10161-LLS-RWL

  :  <u>CLASS ACTION</u>

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF SEALED AIR CORPORATION ("SEALED AIR" OR THE "COMPANY") DURING THE PERIOD FROM NOVEMBER 17, 2014 TO JUNE 20, 2019, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE DECEMBER 27, 2022**.

- Plaintiffs UA Local 13 Pension Fund, UA Local 13 & Employers Group Insurance Fund, Plumbers & Steamfitters Local 267 Pension Fund, and Plumbers and Steamfitters Local No. 7 Pension and Welfare Funds ("Plaintiffs"[1]) have reached a proposed settlement in the amount of $12,500,000.00 in cash (the "Settlement") on behalf of the proposed Class. The Settlement will resolve all claims against the Released Persons (as defined below) in this proposed class action (the "Action").

- The Settlement, if approved by the Court, will: resolve claims in the Action that Sealed Air's investors were misled about the process by which the Company selected its independent auditor in 2014 and Sealed Air's financial reporting and disclosures; resolve all claims against all of the Defendants in the Action; avoid the costs and risks of continuing the Action; provide a cash payment to Class Members who timely submit valid claims; and release the Released Persons from liability.

- The Court in charge of the Action still has to decide whether to approve the Settlement. Cash payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated September 9, 2022 (the "Stipulation"), which is available on the website for the Action at www.SealedAirSecuritiesLitigation.com.

**SUMMARY OF THIS NOTICE**

**I.       DESCRIPTION OF THE ACTION AND THE CLASS**

This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants (set forth at page 5 below) violated the federal securities law by allegedly misrepresenting and failing to make required disclosures to investors regarding the process by which the Company selected its independent auditor in 2014 and Sealed Air's financial reporting and disclosures. The proposed Settlement, if approved by the Court, will settle claims of all persons and entities who purchased or otherwise acquired Sealed Air common stock from November 17, 2014 to June 20, 2019, inclusive (the "Class").

**II.      STATEMENT OF THE CLASS'S RECOVERY**

Subject to Court approval, Plaintiffs, on behalf of the proposed Class, have agreed to settle all claims in the Action in exchange for a cash payment of $12,500,000.00 (the "Settlement Amount"). The claims that will be resolved by the Settlement include any and all claims (including Unknown Plaintiffs' Claims as set forth below) that could have been asserted based on, arising from or relating to both: (i) the purchase or acquisition of the common stock of Sealed Air from November 17, 2014 to June 20, 2019, inclusive; and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action. The Settlement Amount will be deposited into an interest-bearing escrow account (the "Settlement Fund"). Based on the Plan of Allocation being proposed, the estimated average recovery for Sealed Air common stock in the Class is $0.11 per share before deduction of Court-approved fees and expenses. Class Members should note, however, that the foregoing average per share recovery is only an estimate. A Class Member's actual recovery will depend on several things, including: (1) the number of claims filed; (2) when, in what quantities and for how much Class Members purchased and/or acquired Sealed Air common stock during the Class Period; and (3) whether Class Members sold Sealed Air common stock and, if so, when and for how much. The Net Settlement Fund (the Settlement Fund less taxes, tax expenses, notice and administration costs, attorneys' fees and litigation expenses awarded to Lead Counsel and any award to Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the Members of the Class. The proposed Plan of Allocation is included in this Notice (*see* pages 12-15 below).

**III.     STATEMENT OF POTENTIAL OUTCOME OF THE CASE**

The Settling Parties do not agree on whether Plaintiffs would have prevailed on their claims against the Defendants. Nor do they agree on the average amount of damages per share that might be recoverable if Plaintiffs were to prevail on the claims of the Class. Defendants deny that they have engaged in any wrongdoing as alleged by Plaintiffs, deny any liability whatsoever for any of the claims that Plaintiffs alleged in the Complaint, and deny that the price of Sealed Air common stock was artificially inflated by misstatements and omissions alleged by Plaintiffs. The issues on which the Settling Parties disagree include: (i) whether any of the Defendants made misrepresentations or failed to make required disclosures during the Class Period; (ii) whether or not Defendants' conduct caused any harm to Class Members for which any damages could be recovered if Plaintiffs were to have prevailed on each claim alleged; (iii) the amounts by which the price of Sealed Air common stock was artificially inflated, if at all, during the Class Period; (iv) the extent to which external factors, such as general market, economic and industry conditions, influenced the trading price of Sealed Air common stock during the Class Period; (v) who, if anyone, can be included in the Class; (vi) the amount, if any, of any alleged damages suffered by purchasers or acquirers of Sealed Air common stock during the Class Period; and (vii) whether Defendants had other meritorious defenses to the alleged claims.

**IV.     STATEMENT OF ATTORNEYS' FEES AND LITIGATION EXPENSES SOUGHT**

Lead Counsel (as defined on page 9 below) will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount up to 27% of the Settlement Amount and an award of litigation expenses incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $625,000.00, plus interest on both amounts from the date of funding at the same rate as earned by the Settlement Fund. If the Court approves the attorneys' fee and expense application in full, the average amount of fees and expenses will be approximately $0.035 per share. In addition, Lead Counsel will apply for awards to Plaintiffs in an amount not to exceed $7,500.00 each pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the proposed Class.

## V.    IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

For further information regarding this Settlement, you may contact a representative of Lead Counsel: Robert M. Rothman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747, Telephone: 1-800-449-4900; Email: settlementinfo@rgrdlaw.com. Additional information, including copies of pleadings and documents filed in the case, is also available on the settlement website at www.SealedAirSecuritiesLitigation.com.

## VI.    REASONS FOR SETTLEMENT

For Plaintiffs, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery for the Class. This benefit must be compared to the risk that no recovery or a smaller recovery might be achieved after the Court decides the pending motion for class certification, any summary judgment motions and after a contested trial and likely appeals are resolved, possibly years into the future. For the Defendants, who deny all allegations of liability and deny that any Class Members were damaged, the principal reason for the Settlement is to eliminate the burden and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM FORM POSTMARKED NO LATER THAN DECEMBER 27, 2022.** | This is the only way to be potentially eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN DECEMBER 30, 2022.** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants concerning the claims that were, or could have been, asserted in this case. It is also the *only* way for Class Members to remove themselves from the Class. **If you are considering excluding yourself from the Class, please note that there is a risk that any new claims asserted against the Defendants would be time-barred. You should talk to a lawyer before you request exclusion from the Class for the purpose of bringing a separate lawsuit.** *See* **page 9 below.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN DECEMBER 30, 2022.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses or awards to the Plaintiffs. In order to object, you must remain a Member of the Class, may not exclude yourself, and you will be bound by the Court's determinations. |
| **GO TO THE HEARING ON JANUARY 20, 2023 AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN DECEMBER 30, 2022.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and expenses. |
| **DO NOTHING.** | You will not be eligible to receive a payment from the Settlement, you will give up your rights, and you will still be bound by the Settlement. |

**WHAT THIS NOTICE CONTAINS**

| 1. | Why did I get this Notice package? | Page 5 |
|---|---|---|
| 2. | What is this lawsuit about and what has happened so far? | Page 5 |
| 3. | Why is this a class action? | Page 5 |
| 4. | Why is there a settlement? | Page 6 |
| 5. | How do I know if I am part of the Settlement? | Page 6 |
| 6. | Are there exceptions to being included in the Class? | Page 6 |
| 7. | What if I am not sure if I am included? | Page 6 |
| 8. | What does the Settlement provide? | Page 6 |
| 9. | How much will my payment be? | Page 7 |
| 10. | How can I get a payment? | Page 7 |
| 11. | When would I get my payment? | Page 7 |
| 12. | What am I giving up by staying in the Class? | Page 7 |
| 13. | How do I "opt out" (exclude myself) from the proposed Settlement? | Page 9 |
| 14. | If I do not exclude myself, can I sue the Defendants and the other Related Parties for the same thing later? | Page 9 |
| 15. | If I exclude myself, can I get money from the proposed Settlement? | Page 9 |
| 16. | Do I have a lawyer in this case? | Page 9 |
| 17. | How will the lawyers be paid? | Page 9 |
| 18. | How do I tell the Court that I do not like something about the proposed Settlement? | Page 10 |
| 19. | What is the difference between objecting and requesting exclusion? | Page 10 |
| 20. | When and where will the Court decide whether to approve the proposed Settlement? | Page 11 |
| 21. | Do I have to come to the hearing? | Page 11 |
| 22. | May I speak at the hearing and submit additional evidence? | Page 11 |
| 23. | What happens if I do nothing at all? | Page 11 |
| 24. | Are there more details about the proposed Settlement and the lawsuit? | Page 11 |
| 25. | How will my claim be calculated? | Page 12 |
| 26. | What if I bought Sealed Air common stock on someone else's behalf? | Page 16 |

**BASIC INFORMATION**

| 1. | Why did I get this Notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired Sealed Air common stock during the Class Period.

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If approved, the Settlement will end all of the Class's claims against the Defendants. The Court will consider whether to approve the Settlement at a Settlement Hearing on January 20, 2023 at 2:00 p.m. If the Court approves the Settlement, and after any appeals are resolved and the Settlement administration is completed, the claims administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *UA Local 13 & Employers Group Insurance Fund v. Sealed Air Corporation and William G. Stiehl*, No. 1:19-cv-10161-LLS-RWL. This case was assigned to United States District Judge Louis L. Stanton. The persons who are suing are called "Plaintiffs" and the company and the person being sued are called "Defendants."

| 2. | What is this lawsuit about and what has happened so far? |
|---|---|

Plaintiffs' claims in the Action are stated in the Corrected Amended Complaint for Violations of the Federal Securities Laws dated July 13, 2020 (the "Complaint"). Plaintiffs alleged that Defendants Sealed Air and William G. Stiehl violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"). The Complaint alleged that Defendants violated the federal securities law by allegedly misrepresenting and/or failing to make required disclosures about the process by which the Company selected its independent auditor in 2014 and Sealed Air's financial reporting and disclosures.

After Plaintiffs filed the Complaint, Defendants moved to dismiss the Complaint on September 4, 2020, contending that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs responded, explaining that the Complaint stated actionable claims for each statement challenged therein.

On June 1, 2021, the Court granted in part and denied in part Defendants' motions to dismiss. On July 15, 2021, Defendants filed answers to the Complaint and asserted defenses thereto.

On May 17, 2022, the parties participated in a mediation of the Action before David M. Murphy, Esq., a nationally recognized mediator, but were unable to reach an agreement.

On July 15, 2022, Plaintiffs filed a motion for class certification and accompanying declarations, including an expert report addressing issues of market efficiency and a class-wide damage model. The motion for class certification is currently pending.

On August 6, 2022, Plaintiffs served expert reports on issues of loss causation, damages, materiality, and practices and understandings with respect to audits, expected procedures and processes of auditor selection, and auditor independence.

The Settling Parties continued good faith settlement negotiations. On August 9, 2022, the mediator made a mediator's recommendation that the case be settled for $12,500,000.00. On August 11, 2022, the parties agreed to accept the mediator's recommendation for $12,500,000.00. That day, the parties informed the Court that they had reached an agreement in principle, subject to final documentation of the Settlement's terms.

The Settling Parties entered into the Stipulation on September 9, 2022. On September 14, 2022, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called class representatives (in this case Plaintiffs on behalf of the Class) sue on behalf of people or entities, known as "Class Members," who have similar claims. A class action allows one court to resolve in a single case many similar claims that, if brought separately by individuals, might be so small that they would not be economical to litigate and thus would never be brought. One court resolves the issues for all Class Members, except for those who exclude themselves, or "opt out," from the Class (*see* page 9 below).

QUESTIONS?  PLEASE CALL 1-888-750-4955 OR VISIT
WWW.SEALEDAIRSECURITIESLITIGATION.COM

| 4. | Why is there a settlement? |
|---|---|

The Court has not decided the Action in favor of Plaintiffs or the Defendants. The Settlement will end all the claims against the Defendants in the Action and avoid the uncertainties and costs of further litigation and any future trial. Assuming the Settlement is approved, affected investors will be eligible to receive compensation once the claims made against the Net Settlement Fund are validated and calculated.

As described above, Plaintiffs, through Lead Counsel, conducted an extensive investigation of the claims and underlying events and transactions relating to the Action. Further, Plaintiffs and Lead Counsel participated in protracted and hard-fought arm's-length negotiations and a mediation before an experienced mediator before entering into the Settlement.

The Defendants deny all allegations of liability contained in the Complaint and deny that they are liable to the Class. The Settlement should not be seen as an admission or concession on the part of the Defendants regarding the truth or validity of the allegations, claims, and/or defenses in the Action, or their fault or liability for alleged damages by any Member of the Class.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Court has issued an Order, for the purposes of the Settlement only, that everyone who fits the following description, and is not excluded by definition from the Class (*see* Question 6 below), is a Member of the Class, or a "Class Member," unless they take steps to exclude themselves:

All persons and entities who purchased or otherwise acquired Sealed Air common stock from November 17, 2014 to June 20, 2019, inclusive (the "Class Period"), and were damaged thereby.

Receipt of this Notice does not mean that you are a Class Member. Please check your records or contact your broker to see if you purchased or otherwise acquired Sealed Air common stock during the Class Period as described above.

| 6. | Are there exceptions to being included in the Class? |
|---|---|

There are some people who are excluded from the Class by definition. Excluded from the Class are Defendants and their immediate families, Sealed Air's officers and directors at all relevant times, as well as their immediate families, Defendants' legal representatives, heirs, successors or assigns and any entity in which any Defendant has a controlling interest. Also excluded from the Class are any Persons who timely and validly request exclusion from the Class as ordered by the Court.

You are a Class Member only if you (or your broker on your behalf) directly purchased or otherwise acquired Sealed Air common stock during the Class Period as described above, or if you are a legal representative, heir, successor or assign of someone who did so.

| 7. | What if I am not sure if I am included? |
|---|---|

If you are not sure whether you are included, you can ask for free help by writing to or calling the Claims Administrator: *Sealed Air Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 6181, Novato, CA 94948-6181, 1-888-750-4955, www.SealedAirSecuritiesLitigation.com. Or you can fill out and return the Proof of Claim described on page 7, in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY RECEIVE

| 8. | What does the Settlement provide? |
|---|---|

In the Settlement, Sealed Air has agreed to pay or cause to be paid $12,500,000.00 in cash, which will be deposited in an interest-bearing escrow account for the benefit of the Class (the "Settlement Fund"). The Settlement Fund will be divided, after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes and tax expenses, among all Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court ("Authorized Claimants").

| 9. | How much will my payment be? |
|---|---|

The Plan of Allocation, discussed on pages 12-15 below, explains how the Net Settlement Fund will be allocated among purchasers and/or acquirers of Sealed Air common stock and how claimants' "Recognized Claims" will be calculated. Your share of the Net Settlement Fund will depend on several things, including: (i) the quantity of Sealed Air common stock you bought or otherwise acquired; (ii) how much you paid for such stock; (iii) when you bought or otherwise acquired such stock; (iv) whether or when you sold such stock (and, if so, for how much you sold them); and (v) the amount of Recognized Claims of other Authorized Claimants.

It is unlikely that you will get a payment for your entire Recognized Claim, given the number of potential Class Members. After all Class Members have sent in their Proofs of Claim, the payment any Authorized Claimant will get will be their *pro rata* share of the Net Settlement Fund based on the Plan of Allocation approved by the Court. In general, an Authorized Claimant's share will be his, her or its Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims and then multiplied by the total amount in the Net Settlement Fund. *See* the Plan of Allocation beginning on page 12 for more information.

### HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must timely send in a valid Proof of Claim with supporting documents (DO NOT SEND ORIGINALS of your supporting documents). A Proof of Claim is enclosed with this Notice. You may also get copies of the Proof of Claim on the Internet at the following website: www.SealedAirSecuritiesLitigation.com. Please read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and submit it to the Claims Administrator either by First-Class Mail (*postmarked on or before December 27, 2022*) or online at www.SealedAirSecuritiesLitigation.com (*received no later than December 27, 2022*). *The Claims Administrator needs all of the information requested in the Proof of Claim in order to determine if you are eligible to receive a distribution from the Net Settlement Fund.*

Any Class Member who fails to submit a Proof of Claim by the date identified above shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Settlement unless, by order of the Court or the discretion of Lead Counsel, late-filed Proofs of Claim are accepted, but shall in all other respects be bound by all the terms of the Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person concerning the Released Claims.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a hearing on January 20, 2023 at 2:00 p.m., to decide whether to, among other things, approve the Settlement and the proposed Plan of Allocation. All Proofs of Claim must be submitted to the Claims Administrator, **postmarked (if mailed) or received (if submitted online) on or before December 27, 2022**. If the Court approves the Settlement, there may still be appeals which would delay payment, perhaps for more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up by staying in the Class? |
|---|---|

Unless you exclude yourself, you will stay in the Class, which means that as of the date that the Settlement becomes effective under the terms of the Stipulation (the "Effective Date"), you on behalf of yourself and your "Releasing Plaintiffs' Parties" (as defined below) will forever give up and release all "Released Claims" (as defined below) against the "Released Persons" (as defined below). You and your Releasing Plaintiffs' Parties will not in the future be able to bring a case asserting any Released Claim against any Released Person.

(a)     "Related Parties" means each of a Defendants' respective present, former, or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, underwriters, consultants, investment bankers, commercial bankers, joint ventures, insurers, and re-insurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, representatives, assigns, and assignees of each of them, in their capacity as such.

(b)      "Released Claims" means any and all claims, demands, rights, suits, debts, obligations, losses, damages, matters, judgments, issues, causes of action or liabilities of every nature and description whatsoever (including Unknown Plaintiffs' Claims as set forth below), that were or could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, based upon, related in any way to, in connection with, or arising from: (i) the purchase or acquisition of the common stock of Sealed Air between November 17, 2014 and June 20, 2019, inclusive; and (ii) any of the allegations, acts, transactions, disclosures, statements, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action. Released Claims does not include claims to enforce the Settlement.

(c)      "Released Persons" means each and all of the Defendants and their Related Parties.

(d)      "Releasing Plaintiffs' Party" or "Releasing Plaintiffs' Parties" means Plaintiffs, Class Members, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiffs' Party who is an individual, as well as any trust of which any Releasing Plaintiffs' Party is the settlor or which is for the benefit of any of their immediate family members. Releasing Plaintiffs' Parties do not include any Person who timely and validly seeks exclusion from the Class.

(e)      "Unknown Plaintiffs' Claims" means any Released Claims which Plaintiffs or the Releasing Plaintiffs' Parties do not know or suspect to exist in their favor at the time of the release of the Released Persons which, if known by them might have affected their settlement with and release of the Released Persons, or might have affected their decision with respect to this Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each Releasing Plaintiffs' Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs shall expressly waive and each Releasing Plaintiffs' Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and the Releasing Plaintiffs' Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly waive, compromise, discharge, extinguish, settle and release and each Releasing Plaintiffs' Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Releasing Plaintiffs' Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep any right you may have to sue or continue to sue the Released Persons on your own about the Released Claims, then you must take steps to exclude yourself from the Class. Excluding yourself is known as "opting out" of the Class. Sealed Air may withdraw from and terminate the Settlement if potential Class Members who purchased or acquired in excess of a certain amount of Sealed Air common stock opt out from the Class.

If you timely and properly request exclusion from the Class, you will retain any rights you have to sue the Defendants yourself with respect to the Released Claims to the extent those claims are viable under the statutes of limitations and repose applicable to claims under the Securities Exchange Act. Before you decide to request exclusion from the Class, you are urged to consult your counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Class.

### 13. How do I "opt out" (exclude myself) from the proposed Settlement?

To "opt out" (exclude yourself) from the Class, you must deliver or mail a signed letter by First-Class Mail stating that you "request exclusion from the Class in *UA Local 13 & Employers Group Insurance Fund v. Sealed Air Corporation and William G. Stiehl*, No. 1:19-cv-10161-LLS-RWL." Your letter **must** state the date(s), price(s) and number of shares of your purchases, acquisitions and sales of Sealed Air common stock during the Class Period. This information is needed to determine whether you are a Class Member. In addition, you must include your name, address, telephone number, and your signature. You must submit your request for exclusion addressed to *Sealed Air Securities Litigation*, Claims Administrator, EXCLUSIONS, c/o Gilardi & Co. LLC, P.O. Box 5100, Larkspur, CA 94977-5100. The request for exclusion must be **postmarked on or before December 30, 2022**. **You cannot exclude yourself or opt out by telephone or by email.** Your request for exclusion must comply with these requirements in order to be valid. If you are excluded, you will not be eligible to get any payment from the Settlement proceeds and you cannot object to the Settlement, the proposed Plan of Allocation or the application for attorneys' fees and expenses.

### 14. If I do not exclude myself, can I sue the Defendants and the other Related Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights you or your Releasing Plaintiffs' Parties may have to sue the Defendants and the other Related Parties for all Released Claims. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case **immediately**. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is December 30, 2022.

### 15. If I exclude myself, can I get money from the proposed Settlement?

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money, as any such Proof of Claim will be rejected.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The law firm of Robbins Geller Rudman & Dowd LLP was appointed to represent all Class Members. These lawyers are called Lead Counsel. You will not be separately charged for the services of these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Lead Counsel have not received any payment for their services in pursuing the claims against the Defendants on behalf of the Class since the Action was commenced in 2019, nor have they been paid to this point for any of their litigation expenses. At the Settlement Hearing described below, or at such other time as the Court may order, Lead Counsel will ask the Court to award them, from the Settlement Fund, attorneys' fees of up to 27% of the Settlement Amount and litigation expenses that they have incurred in pursuing the Action in an amount not to exceed $625,000.00, plus interest on both amounts from the date of funding at the same rate earned by the Settlement Fund. Lead Counsel will also request awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, in an amount not to exceed $7,500.00 each.

## OBJECTING TO THE SETTLEMENT

| 18. | How do I tell the Court that I do not like something about the proposed Settlement? |
|---|---|

If you are a Class Member and do not exclude yourself ("opt out") in accordance with Question 13 above, you can object to any part of the Settlement, the proposed Plan of Allocation, and/or the application by Lead Counsel for attorneys' fees and expenses, including Plaintiffs' request for awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. You must write to the Court setting out your objection, giving reasons why you think the Court should not approve any part or all of the Settlement, the proposed Plan of Allocation, and/or the attorneys' fee and expense request.

To object, you must send a signed letter stating that you object to the proposed Settlement in the case known as: *UA Local 13 & Employers Group Insurance Fund v. Sealed Air Corporation and William G. Stiehl*, No. 1:19-cv-10161-LLS-RWL. You must include your name, address, telephone number and your signature; include documents sufficient to prove your membership in the Class, such as the number of shares of Sealed Air common stock purchased or acquired during the Class Period, as well as the dates and prices of each such purchase or acquisition. Your letter must also state the specific reasons why you object to the Settlement, the proposed Plan of Allocation, and/or the attorneys' fee and expense request, including any legal or evidentiary support for your objection. Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class. You must also identify all class action settlements which you and your counsel have objected to.

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to appear separately at the Settlement Hearing or to make any objection to the Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and expenses. If you elect to "opt out," you will not be entitled to share in the Settlement proceeds and will not have a right to make an objection to the Settlement, proposed Plan of Allocation and/or the application for attorneys' fees and expenses.

Your objection must be filed with the United States District Court for the Southern District of New York by hand or by mail such that it is **received on or before December 30, 2022**, at the address set forth below. You must also serve the papers on Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are **received on or before December 30, 2022**.

| COURT: | LEAD COUNSEL: | DEFENDANTS' COUNSEL: |
|---|---|---|
| CLERK OF THE COURT<br>United States District Court<br>  Southern District of New York<br>Daniel Patrick Moynihan<br>  United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br><br>Robert M. Rothman<br>58 South Service Road<br>Suite 200<br>Melville, NY 11747 | HOLWELL SHUSTER &<br>  GOLDBERG LLP<br>Vincent G. Levy<br>425 Lexington Avenue<br>New York, NY 10017<br><br>COOLEY LLP<br>William Schwartz<br>55 Hudson Yards<br>New York, NY 10001 |

| 19. | What is the difference between objecting and requesting exclusion? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can still recover from the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no right to object because the Action no longer affects you and you are no longer a Member of the Class.

**THE COURT'S SETTLEMENT HEARING**

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at 2:00 p.m., on January 20, 2023, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and Lead Counsel's application for attorneys' fees and expenses. The Court will take into consideration any written objections filed in accordance with the instructions set out above in the answer to Question 18. We do not know how long it will take the Court to make these decisions.

You should also be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you validly submit an objection, it will be considered by the Court. You do not have to come to Court to talk about it.

| 22. | May I speak at the hearing and submit additional evidence? |
|---|---|

If you file an objection, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 18 above) a statement that it is your "notice of intention to appear in *UA Local 13 & Employers Group Insurance Fund v. Sealed Air Corporation and William G. Stiehl*, No. 1:19-cv-10161-LLS-RWL." Persons who object and want to present evidence at the Settlement Hearing must also include in their written objection the identity of any witness they may call to testify and exhibits they intend to introduce at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing according to the procedures described above and in the answer to Question 18.

**IF YOU DO NOTHING**

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this Settlement and you and your Releasing Plaintiffs' Parties will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and their Related Parties about the Released Claims in this case. To be eligible to share in the Net Settlement Fund you must submit a Proof of Claim (*see* Question 10). To start, continue or be a part of any other lawsuit against the Defendants and their Related Parties about the Released Claims in this case you must exclude yourself from this Class (*see* Question 13).

**GETTING MORE INFORMATION**

| 24. | Are there more details about the proposed Settlement and the lawsuit? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation, dated as of September 9, 2022. You may review the Stipulation filed with the Court and all documents filed in the Action during business hours at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

You also can call the Claims Administrator: 1-888-750-4955; contact Lead Counsel Robbins Geller Rudman & Dowd LLP at 1-800-449-4900 or by email at settlementinfo@rgrdlaw.com; write to *Sealed Air Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 6181, Novato, CA 94948-6181; or visit the website www.SealedAirSecuritiesLitigation.com, where you can download copies of this Notice and the Proof of Claim. Please do not call the Court, the Defendants or their counsel with questions about the Settlement.

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

| | |
|---|---|
| **25.** | **How will my claim be calculated?** |

1.      As discussed above, the Settlement provides $12.5 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants–Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court–in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website: www.SealedAirSecuritiesLitigation.com.

2.      The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3.      The Plan of Allocation was developed in consultation with Plaintiffs' damages expert. In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per-share prices of Sealed Air common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Sealed Air common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related Company-specific information.

4.      In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Plaintiffs allege that corrective information (referred to as a "corrective disclosure") was released to the market on August 6, 2018 after market close, and June 20, 2019 after market close.

5.      In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Sealed Air common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one corrective disclosure.[2]

---

[2]      Any transactions in Sealed Air common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Sealed Air common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

7.      For each share of Sealed Air common stock purchased or otherwise acquired from November 17, 2014 through June 20, 2019, and:

(a)      Sold prior to August 7, 2018, the Recognized Loss Amount will be $0.00;

(b)      Sold from August 7, 2018 through June 20, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price;

(c)      Sold from June 21, 2019 through and including the close of trading on September 18, 2019, the Recognized Loss Amount will be *the least of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between June 21, 2019 and the date of sale as stated in Table 2 below; and

(d)      Held as of the close of trading on September 18, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $42.45, the average closing price for Sealed Air common stock between June 21, 2019 and September 18, 2019 (the last entry in Table 2 below).[3]

## ADDITIONAL PROVISIONS

8.      Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 11 below) is $10.00 or greater.

9.      If a claimant has more than one purchase or sale of Sealed Air common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

10.      A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

11.      The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.      Purchases, acquisitions, and sales of Sealed Air common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Sealed Air common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Sealed Air common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Sealed Air common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf

---

[3]      Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Sealed Air common stock during the 90-day look-back period.  The mean (average) closing price for Sealed Air common stock during this 90-day look-back period was $42.45.

of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

13.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Sealed Air common stock. The date of a "short sale" is deemed to be the date of sale of Sealed Air common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Sealed Air common stock, his, her, or its earliest Class Period purchases or acquisitions of Sealed Air common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

14.      Option contracts are not securities eligible to participate in the Settlement. With respect to shares of Sealed Air common stock purchased or sold through the exercise of an option, the purchase/sale date of the Sealed Air common stock is the exercise date of the option and the purchase/sale price of the Sealed Air common stock is the exercise price of the option.

15.      If a claimant had a market gain with respect to his, her, or its overall transactions in Sealed Air common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Sealed Air common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Sealed Air common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Sealed Air common stock during the Class Period.

16.      If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the New York Bar Foundation.

17.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiffs' Parties or Released Persons, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Persons, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Proof of Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

18.      The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

19.      Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim.

---

[4]      The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Sealed Air common stock purchased or acquired during the Class Period.

[5]      The Claims Administrator will match any sales of Sealed Air common stock from the start of the Class Period through and including the close of trading on June 21, 2019 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Sealed Air common stock sold from the start of the Class Period through and including the close of trading on June 21, 2019 will be the "Total Sales Proceeds."

[6]      The Claims Administrator will ascribe a value of $41.70 per share for Sealed Air common stock purchased or acquired during the Class Period and still held as of the close of trading on June 21, 2019 (the "Holding Value").

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| | Sale Date | | |
|---|---|---|---|
| Purchase Date | 11/17/2014-8/6/2018 | 8/7/2018-6/20/2019 | Sold on or Retained Beyond 6/21/2019 |
| 11/17/2014-8/6/2018 | $0.00 | $0.73 | $2.59 |
| 8/7/2018-6/20/2019 | ■ | $0.00 | $1.86 |
| Purchased on or after 6/21/2019 | ■ | ■ | $0.00 |

**TABLE 2**

**Sealed Air Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between June 21, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between June 21, 2019 and Date Shown |
|---|---|---|---|---|---|
| 6/21/2019 | $41.70 | $41.70 | 8/6/2019 | $44.33 | $43.15 |
| 6/24/2019 | $41.57 | $41.64 | 8/7/2019 | $45.11 | $43.21 |
| 6/25/2019 | $42.09 | $41.79 | 8/8/2019 | $45.31 | $43.27 |
| 6/26/2019 | $41.62 | $41.75 | 8/9/2019 | $44.93 | $43.32 |
| 6/27/2019 | $42.27 | $41.85 | 8/12/2019 | $44.66 | $43.35 |
| 6/28/2019 | $42.78 | $42.01 | 8/13/2019 | $44.47 | $43.38 |
| 7/1/2019 | $43.61 | $42.23 | 8/14/2019 | $43.01 | $43.37 |
| 7/2/2019 | $43.98 | $42.45 | 8/15/2019 | $41.99 | $43.34 |
| 7/3/2019 | $44.32 | $42.66 | 8/16/2019 | $42.38 | $43.31 |
| 7/5/2019 | $44.33 | $42.83 | 8/19/2019 | $42.73 | $43.30 |
| 7/8/2019 | $44.01 | $42.93 | 8/20/2019 | $42.28 | $43.28 |
| 7/9/2019 | $43.32 | $42.97 | 8/21/2019 | $42.20 | $43.25 |
| 7/10/2019 | $42.78 | $42.95 | 8/22/2019 | $41.69 | $43.22 |
| 7/11/2019 | $43.22 | $42.97 | 8/23/2019 | $40.43 | $43.15 |
| 7/12/2019 | $43.55 | $43.01 | 8/26/2019 | $40.67 | $43.10 |
| 7/15/2019 | $42.64 | $42.99 | 8/27/2019 | $39.91 | $43.03 |
| 7/16/2019 | $43.63 | $43.02 | 8/28/2019 | $39.85 | $42.97 |
| 7/17/2019 | $42.95 | $43.02 | 8/29/2019 | $39.98 | $42.90 |
| 7/18/2019 | $43.31 | $43.04 | 8/30/2019 | $39.82 | $42.84 |
| 7/19/2019 | $43.18 | $43.04 | 9/3/2019 | $39.34 | $42.77 |
| 7/22/2019 | $42.70 | $43.03 | 9/4/2019 | $39.60 | $42.71 |
| 7/23/2019 | $43.36 | $43.04 | 9/5/2019 | $39.32 | $42.65 |
| 7/24/2019 | $43.86 | $43.08 | 9/6/2019 | $39.71 | $42.59 |
| 7/25/2019 | $43.88 | $43.11 | 9/9/2019 | $40.24 | $42.55 |
| 7/26/2019 | $44.05 | $43.15 | 9/10/2019 | $42.42 | $42.55 |
| 7/29/2019 | $44.02 | $43.18 | 9/11/2019 | $41.76 | $42.54 |
| 7/30/2019 | $42.55 | $43.16 | 9/12/2019 | $41.31 | $42.51 |
| 7/31/2019 | $41.79 | $43.11 | 9/13/2019 | $42.40 | $42.51 |
| 8/1/2019 | $41.15 | $43.04 | 9/16/2019 | $40.33 | $42.48 |
| 8/2/2019 | $44.33 | $43.09 | 9/17/2019 | $42.00 | $42.47 |
| 8/5/2019 | $43.84 | $43.11 | 9/18/2019 | $41.59 | $42.45 |

QUESTIONS?  PLEASE CALL 1-888-750-4955 OR VISIT
WWW.SEALEDAIRSECURITIESLITIGATION.COM

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

| 26. | What if I bought Sealed Air common stock on someone else's behalf? |
|---|---|

If you purchased or otherwise acquired Sealed Air common stock during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired Sealed Air common stock during the Class Period (preferably in an MS Excel, .CSV, or .TXT format), setting forth (i) title/registration, (ii) street address, and (iii) city/state/ZIP; (b) provide computer-generated mailing labels; or (c) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within seven (7) calendar days of receipt of such copies send them by First-Class Mail, postage prepaid, directly to the beneficial owners of those shares of Sealed Air common stock.

If you choose to follow alternative procedure (c), the Court has directed that, upon such mailing, you shall send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expenses and the reasonable cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid after request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or:

*Sealed Air Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION OR QUESTIONS ABOUT THE TERMS OF THE SETTLEMENT. INSTEAD, PLEASE DIRECT ALL QUESTIONS TO LEAD COUNSEL AND/OR THE CLAIMS ADMINISTRATOR, AS DIRECTED IN QUESTION 24 ABOVE.**

DATED: September 14, 2022                    BY ORDER OF THE COURT
                                             UNITED STATES DISTRICT COURT
                                             SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| UA LOCAL 13 & EMPLOYERS GROUP INSURANCE FUND, Individually and on Behalf of All Others Similarly Situated, | : Civil Action No. 1:19-cv-10161-LLS-RWL |
|  | : <u>CLASS ACTION</u> |
| Plaintiff, | : |
| vs. | : |
| SEALED AIR CORPORATION and WILLIAM G. STIEHL, | : |
| Defendants. | : |

---

**PROOF OF CLAIM AND RELEASE**

**I.       GENERAL INSTRUCTIONS**

1.       To recover as a Member of the Class based on your claims in the action entitled *UA Local 13 & Employers Group Insurance Fund v. Sealed Air Corporation and William G. Stiehl*, No. 1:19-cv-10161-LLS-RWL (the "Action"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release form ("Proof of Claim").[1] If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.       Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.       YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN DECEMBER 27, 2022, ADDRESSED AS FOLLOWS:

*Sealed Air Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181
Online Submissions: www.SealedAirSecuritiesLitigation.com

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.       If you are a Member of the Class and you do not timely request exclusion in response to the Notice, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

**II.      CLAIMANT IDENTIFICATION**

If you purchased or acquired Sealed Air Corporation ("Sealed Air") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or acquired Sealed Air common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Sealed Air common stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE SEALED AIR COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

---

[1]       All capitalized terms used in this Proof of Claim that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated September 9, 2022 (the "Stipulation"), which is available on the website for the Action at www.SealedAirSecuritiesLitigation.com.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Sealed Air Common Stock" to supply all required details of your transaction(s) in Sealed Air common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Sealed Air common stock which took place during the period from November 17, 2014 through and including September 18, 2019, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Sealed Air common stock you held at the close of trading on November 16, 2014, June 20, 2019, and September 18, 2019. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Sealed Air common stock. The date of a "short sale" is deemed to be the date of sale of Sealed Air common stock.

Copies of broker confirmations or other documentation of your transactions in Sealed Air common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. If you wish to submit your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official Office Use Only

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*UA Local 13 & Employers Group Insurance Fund*
*v. Sealed Air Corporation and William G. Stiehl*

No. 1:19-cv-10161-LLS-RWL

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)**
**or Received (if Submitted Online)**
**No Later Than December 27, 2022**

# SAIR

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SEALED AIR COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

—

Telephone Number (Primary Daytime)

—    —

Telephone Number (Alternate)

—    —

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City

State    ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

**PART II.  SCHEDULE OF TRANSACTIONS IN SEALED AIR COMMON STOCK**

A.  Number of shares of Sealed Air common stock held at the close of trading on November 16, 2014. If none, write "zero":

Proof Enclosed?  ○ Y  ○ N

B.  Purchases or acquisitions of Sealed Air common stock (November 17, 2014 to September 18, 2019, inclusive):

**PURCHASES**

| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Purchase or Acquisition Price per Share | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| | MM / DD / YYYY | | | |
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes:  ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

MM / DD / YYYY        Merger Shares:        Company:

C.  Sales of Sealed Air common stock (November 17, 2014 to September 18, 2019, inclusive):

**SALES**

| | Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Sale Price per Share | Proof of Sales Enclosed? |
|---|---|---|---|---|
| | MM / DD / YYYY | | | |
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

D.  Number of shares of Sealed Air common stock held at the close of trading on June 20, 2019. If none, write "zero":

Proof Enclosed?  ○ Y  ○ N

E.  Number of shares of Sealed Air common stock held at the close of trading on September 18, 2019.  If none, write "zero":

Proof Enclosed?  ○ Y  ○ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6.  FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Sealed Air securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Sealed Air common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.  RELEASE

1.     On behalf of myself (us) and my Releasing Plaintiffs' Parties, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties. "Related Parties" means each of a Defendants' respective present, former, or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, underwriters, consultants, investment bankers, commercial bankers, joint ventures, insurers, and re-insurers of each of them; and the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, representatives, assigns, and assignees of each of them, in their capacity as such.

2.     "Released Claims" means any and all claims, demands, rights, suits, debts, obligations, losses, damages, matters, judgments, issues, causes of action or liabilities of every nature and description whatsoever (including Unknown Plaintiffs' Claims as set forth below), that were or could have been asserted in any forum, whether foreign or domestic, whether based on or arising under federal, state, local, or foreign law, whether based on statutory law, common law, rule or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, based upon, related in any way to, in connection with, or arising from: (i) the purchase or acquisition of the common stock of Sealed Air from November 17, 2014 to June 20, 2019, inclusive; and (ii) any of the allegations, acts, transactions, disclosures, statements, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action. Released Claims does not include claims to enforce the Settlement.

3.     "Releasing Plaintiffs' Party" or "Releasing Plaintiffs' Parties" means Plaintiffs, Class Members, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiffs' Party who is an individual, as well as any trust of which any Releasing Plaintiffs' Party is the settlor or which is for the benefit of any of their immediate family members. Releasing Plaintiffs' Parties do not include any Person who timely and validly seeks exclusion from the Class.

4.     "Unknown Plaintiffs' Claims" means any Released Claims which Plaintiffs or the Releasing Plaintiffs' Parties do not know or suspect to exist in their favor at the time of the release of the Released Persons which, if known by them might have affected their settlement with and release of the Released Persons, or might have affected their decision with respect to this Settlement, including, without limitation, any decision not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and each Releasing Plaintiffs' Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs shall expressly waive and each Releasing Plaintiffs' Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and the Releasing Plaintiffs' Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly waive, compromise, discharge, extinguish, settle and release and each Releasing Plaintiffs' Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, compromised, discharged, extinguished, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Releasing Plaintiffs' Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.



5.      This release shall be of no force or effect unless and until the Court approves the Stipulation and Agreement of Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation and Agreement of Settlement).

6.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Sealed Air common stock which are the subject of this claim, which occurred from November 17, 2014 to September 18, 2019, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this_____ day of _____ in _____

(Month/Year)                                    (City/State/Country)

_____          _____
(Sign your name here)                                       (Sign your name here)

_____          _____
(Type or print your name here)                              (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.,*                     (Capacity of person(s) signing, *e.g.,*
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates or other documentation as they will not be returned.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN DECEMBER 27, 2022, ADDRESSED AS FOLLOWS:**

*Sealed Air Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181
www.SealedAirSecuritiesLitigation.com



# EXHIBIT B



1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

September 28, 2022

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re:  **Sealed Air Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release for the above referenced litigation. Please note both the class period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all persons and entities who purchased or acquired the common stock of Sealed Air Corporation ("Sealed Air") during the period from November 17, 2014 to June 20, 2019, inclusive. In addition, **the Notice provides that the Exclusion Deadline is December 30, 2022, and the Claim Filing Deadline is December 27, 2022.**

Please pay particular attention to the "What if I bought Sealed Air common stock on someone else's behalf?" section of page sixteen of the Notice which states, in part: If you purchased or otherwise acquired Sealed Air common stock during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired Sealed Air common stock during the Class Period (preferably in an MS Excel, .CSV, or .TXT format), setting forth (i) title/registration, (ii) street address, and (iii) city/state/ZIP; (b) provide computer-generated mailing labels; or (c) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within seven (7) calendar days of receipt of such copies send them by First-Class Mail, postage prepaid, directly to the beneficial owners of those shares of Sealed Air common stock. If you choose to follow alternative procedure (c), the Court has directed that, upon such mailing, you shall send a statement to the Claims Administrator confirming that the mailing was made as directed.

Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send.  Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. If you have any questions, please email Notifications@Gilardi.com.

Sincerely,

Gilardi and Company, LLC

# EXHIBIT C

B10 | Wednesday, October 5, 2022    NY    THE WALL STREET JOURNAL.

# NEW HIGHS AND LOWS

WSJ.com/newhighs

*The following explanations apply to the New York Stock Exchange, NYSE Arca, NYSE American and Nasdaq Stock Market stocks that hit a new 52-week intraday high or low in the latest session. % CHG-Daily percentage change from the previous trading session.*

*[Market listings — New Highs and Lows tables with 52-week High/Low and % Chg for each stock symbol]*

## Biggest 1,000 Stocks

WSJ.com/stocks

Continued From Page B5

*[Market listings — Biggest 1,000 Stocks tables with Close and Net Chg for each stock symbol]*

---

**ADVERTISEMENT**

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

---

## CLASS ACTIONS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UA LOCAL 13 & EMPLOYERS GROUP INSURANCE FUND, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

SEALED AIR CORPORATION and WILLIAM G. STIEHL,

Defendants.

Civil Action No. 1:19-cv-10161-LLS-RWL

CLASS ACTION

SUMMARY NOTICE

TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF SEALED AIR CORPORATION ("SEALED AIR") DURING THE PERIOD FROM NOVEMBER 17, 2014 TO JUNE 20, 2019, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on January 20, 2023, at 2:00 p.m., before the Honorable Louis L. Stanton, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned Action, as set forth in the Settlement agreement reached between the parties, consisting of Twelve Million Five Hundred Thousand Dollars ($12,500,000.00) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the settlement agreement should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (4) whether the application by Plaintiffs' counsel for an award of attorneys' fees and expenses and any awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should be approved; and (5) whether the Judgment, in the form attached to the settlement agreement, should be entered.

Please note that the date, time and location of the settlement hearing are subject to change without further notice. If you plan to attend the hearing, you should check the docket or contact Lead Counsel (identified below) to be sure that no change to the date, time or location of the hearing has been made.

IF YOU PURCHASED OR ACQUIRED ANY OF THE COMMON STOCK OF SEALED AIR DURING THE PERIOD FROM NOVEMBER 17, 2014 TO JUNE 20, 2019, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies by writing to *Sealed Air Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 6181, Novato, CA 94948-6181, or on the internet at www.SealedAirSecuritiesLitigation.com.

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail *(postmarked no later than December 27, 2022)* or submitted electronically *(received no later than December 27, 2022)*, establishing that you are entitled to recovery. Unless the deadline is extended, your failure to submit your Proof of Claim by the above deadline will preclude you from receiving any payment from the Settlement.

If you are a Class Member and you desire to be excluded from the Class, you must submit a request for exclusion such that it is *postmarked no later than December 30, 2022*, in the manner and form explained in the detailed Notice, referred to above. All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Action pursuant to the Stipulation and Agreement of Settlement.

Any objection to the Settlement, the Plan of Allocation, or the fee and expense application must be mailed to each of the following recipients, such that it is *received no later than December 30, 2022*:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 Pearl Street
New York, NY 10007

*Lead Counsel:*

ROBBINS GELLER RUDMAN & DOWD LLP
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY 11747

*Defendants' Counsel:*

HOLWELL SHUSTER & GOLDBERG LLP
VINCENT G. LEVY
425 Lexington Avenue
New York, NY 10017

COOLEY LLP
WILLIAM SCHWARTZ
55 Hudson Yards
New York, NY 10001

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OR DEFENDANTS REGARDING THIS NOTICE. If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above or by an e-mail to Lead Counsel at settlementinfo@rgrdlaw.com. Copies of certain pleadings and other documents filed in the Action can also be found at www.SealedAirSecuritiesLitigation.com.

DATED: September 14, 2022

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

## ANNOUNCEMENTS

### MUTUAL OF AMERICA LIFE INSURANCE COMPANY
320 Park Avenue, New York, NY 10022-6839

**Notice of Nomination of Directors**

In accordance with Section 4210 of the Insurance Law of the State of New York and Regulation 14-A of the Insurance Regulations of the State of New York, notice is hereby given that the Board of Directors of Mutual of America Life Insurance Company has nominated the following named persons as candidates for election as Directors in the class designated to serve until the election in 2026 or until their respective successors have been duly elected.

Rosemary T. Berkery
Chairman and CEO (Retired)
UBS Bank USA
New York, New York

John R. Greed
Chairman, President and Chief Executive Officer
Mutual of America Life Insurance Company
New York, New York

Connie Mack (Former U.S. Senator-FL)
Chairman Emeritus
H. Lee Moffitt Cancer Center
Tampa, Florida

Robert J. McGuire, Esq.
New York, New York

A certificate of nomination of the above candidates has been duly filed with the New York State Department of Financial Services.

The election of Directors of Mutual of America Life Insurance Company will be held at the Home Office, 320 Park Avenue, New York, New York, on Thursday, April 20, 2023, from 10:00 a.m. to 4:00 p.m. Policyholders whose policies or contracts are in force on the date of the election and have been in force at least one year prior thereto are entitled to vote in person or by mail, by proxy or by ballot.

Nicholas S. Curabba
Senior Vice President,
Associate General Counsel
and Corporate Secretary

October 5, 2022

---

## CAREERS

### Sr. Manager, Data Quality
The Bank of Nova Scotia seeks Sr. Mgr Data Quality in NY, NY to oversee data quality measurements of critical data elements for U.S. Global, Banking & Mrkts bus. line & rel. functions. Req'mnts: Bachelor's or foreign equiv in Bus. Admin, Finance, or rel. & 5 yrs of progressively responsible exp in job offered or rel. occupation: utilizing Data Governance exp incl managing Data Quality & Data Quality Issue Mgmt programs; utilizing exp w/Capital Mrkts functions & their data; utilizing tools & pathways incl IBM Infosphere incl Info Governance Catalog, Data Stage & Info Analyzer, Global ID's, Collibra, & Governance Console; utilizing tech solutions & languages incl DB2, Hadoop, HIVE, Kafka, SQL, Python & Autosys; working & managing projects in AGILE & Waterwall utilizing JIRA & Confluence. Telecommuting &/or working from home may be permissible pursuant to company policies. When not telecommuting, must report to work site. In alternative, employer will accept 3 yrs of study toward Bachelor's in one of above-listed fields & 2 yrs of fin'l services IT exp to meet educational req'mnt. 10% trvl req'd. Submit resumes to HR_VC, Scotiabank, 250 Vesey St, NY, NY 10281. Indicate code NM082922WJ.

To apply, send resume to: 3423@google.com. Must reference job code # below:

Trust & Safety Director (New York, NY) Implement & monitor measures to evaluate & support user & stakeholder trust for Google. **Google LLC; Job Code: 1615.49123** Exp Inc quantitative analysis, statistical analysis, & statistical modeling; data mgmt, metrics analysis, experiment design, & automation; managing UX research & design; or manage work in creative effectiveness; system design, workflow process design, & architecture; coordination of tech projects or programs & presentation of tech subject matter to nontech audiences; recruitment of professionals in the technology industry; & career planning, performance mgmt, & strategic dev. Position reports to the Google NY office & may allow for partial telecommuting.

### Senior Associate
(New York, NY): Evaluate and analyze potential equity and credit opportunities to structure investments in the energy infrastructure sector in North America. Work with internal and external partners in the development of new investments, follow-on investments, re-financings, recapitalizations, mergers and acquisitions, and initial public offerings, as well as the management of existing investments. Assess and prepare due diligence materials, prospectuses, rating agency materials, and internal committee memoranda. Perform detailed financial and operating projections. Perform Excel financial modeling and rate base modeling. Work with infrastructure industry investments. Req's Bachelor's degree plus 4 yrs exp & alternatively 6 yrs exp. Mail resume to Lori Gish, Global Infrastructure Management LLC, 1345 Avenue of the Americas, 30th Floor, New York, NY 10105. Ref: AL5GIMNY

### IT-Assistant Vice President
(New York, NY): Design, develop, & maintain data-intensive applications while working on strategic technology & business initiatives. Build high quality software in conformance with best practices of coding & testing standards. Apply knowledge of Basel RWA & capital calculation requirements, which includes credit risk & market risk. Understand & develop rule-based calculations. Ensure timely delivery with a focus on quality & production stability. Come up with innovative ideas to improve existing applications & processes. Follow DevOps best practices for application delivery by using the approved tool chain. Track features from requirement gathering to delivery sprint-on-sprint & in-termittent release. Develop Java-based application from front-end UI (multiple UI frameworks) to back-end database (Oracle & big data/Hadoop). Maintain existing applications built using Sprint Boot. Provide production support for older modules by fixing minor bugs & updating functionalities. Work with Java full stack development, Angular, React JS, big data/Hadoop technologies (Sqoop, Impala, Hive, Spark & Map Reduce), Maven, Gradle, Ivy, Redux, HTML, CSS, performance tuning, GIT, & data structures, concurrent programming, & design patterns. Req's Master's degr plus 2 yrs exp or Bachelor's degr plus 5 yrs exp. Please forward your resume to Credit Suisse, P.O. Box AB-CS-009, 909 Third Avenue, 15th floor, New York, NY 10022. No phone calls.

### Sr Mgr Dvlpmnt, Global Derivatives Settlement
The Bank of Nova Scotia seeks Sr Mgr Dvlpmnt, Global Derivative Settlement in NY, NY to manage all aspects of softw dvlpmnt projects w/in unit incl leading multiple projects & supporting multiple softw apps concurrently. Req'mnts: Bachelor's or foreign equiv in CS, Computer Eng'g, Eng'g (any) or rel. & 5 yrs of progressively responsible exp in job offered or rel. occupation: utilizing softw dvlpmnt tech & concepts incl syst analysis & dsgn, networking, communications, online transaction processing (OLTP) tech, & hardware & operating syst config & app performance & tuning; working w/Computer programming languages incl Java, Water-fall, & AGILE methodologies incl Agile, Waterfall, & AGILE & SWIFT; utilizing exp w/Oracle & PostgreSQL; working w/message based tech incl Kafka, MQ, & SWIFT; utilizing exp in finance domain incl Capital Mrkts, Risk & Compliance, Cash Payments & Post Trade Settlements; managing full project lifecycle incl liaising w/key stakeholders & establishing bus. req'mnts. Telecommuting &/or working from home may be permissible pursuant to company policies. When not telecommuting, must report to work site. In alternative, employer will accept Master's in one of above-listed fields & 6 yrs of exp in above-listed skills & 3 yrs of exp in above-listed skills. Submit resumes to HR_VC, Scotiabank, 250 Vesey St., NY, NY 10281. Indicate code AS083022WJ.

### Sr Manager, Market Risk
The Bank of Nova Scotia seeks Sr Mgr, Mrkt Risk in NY, NY to report & monitor U.S. mrkt risk metrics w/concentration in fixed income products on daily basis. Req'mnts: Bachelor's or foreign equiv in Bus. Admin, Finance, or rel. field & 5 yrs of progressively responsible exp in job offered or rel. occupation: supporting risk analysis of fin'l mrkts, fixed income, equity, & derivative products; working w/bank & fin'l regulations incl Dodd Frank & Enhanced Prudential Procedures; performing risk analysis incl sensitivity analysis, Value at Risk (VaR) analysis, & stress testing analysis; utilizing tools & tech incl Excel, QlikView, Tableau, & YieldBook. Telecommuting &/or working from home may be permissible pursuant to company policies. When not telecommuting, must report to work site. In alternative, employer will accept Master's ter's or foreign equiv in one of above-listed fields & 3 yrs of exp in above-listed areas. Submit resumes to HR_VC, Scotiabank, 250 Vesey St., NY, NY 10281. Indicate code AS083022WJ.

### Business Analyst – Customer Services
Business Analyst – Customer Services sought by viagogo, Inc., in New York, NY to create, store, and analyze customer service-related data and implement database tables & SQL queries to create business metrics used to monitor & manage the customer service department. Up to 10% domestic & international travel required. Apply online at: https://workativiagogo.com

### Dir., Fin'l Planning & Analysis
The Bank of Nova Scotia seeks Dir., Fin'l Planning & Analysis in NY, NY to coordinate & compile annual plan & periodic forecasts & assess reasonability of targets provided by Lines of Bus. (LOBs). Req'mnts: Bachelor's or foreign equiv in Bus. Admin, Finance, Acct'g, or rel. field & 8 yrs of progressively responsible exp in job offered or rel. occupation: dvlpng fin'l planning & analysis (FP&A) mgmt reporting programs; utilizing exp w/fin'l statutory acct'g incl U.S. GAAP & IFRS; utilizing acc't'g/mng models, algorithms & modeling systems of internal controls; analyzng capital mrkts trade check-out, trade confirmations w/ ICE & DTCC; to minimize chances of any potential risk & issues brought to bus. (3221211); Associate to independently identify, measure, monitor & review risks of functions in conformidade w/mrkts & potential impact on fin'l. Commodities trading portfolio (3221214); Vice President to maintain & enhance policies, procedures & guidance for EUC Tools (3203795); Associate, Risk Management to support identification & implementation of solutions for various work streams (3203804); & Vice President to work w/Business owners to ensure reg may be permissible pursuant to company policies. When not telecommuting, must report to work site. In alternative, employer will accept Master's in one of above-listed fields & 6 yrs of exp in above-listed skills. Submit resumes to HR_VC, Scotiabank, 250 Vesey St., NY, NY 10281. Indicate code RS082622WJ.

### Financial Services
Morgan Stanley Services Group, Inc. hiring for following roles throughout facilities in NY, NY: Associate to analyze stress loss results & work w/ stakeholders to understand key loss drivers & variances over time (3209634); Manager to perform corp treasury audit reviews from planning phase thru reporting w/ established budgets w/n time frame for audit completion (3209638); Director to perform day-to-day functions & internal controls, such as trade reconciliation, indiv trade check-out, trade confirmations w/ ICE & DTCC; to minimize chances of any potential risk & issues brought to bus. (3221211); Associate to independently identify, measure, monitor & review risks of functions in conformidade w/mrkts & potential impact on fin'l. Commodities trading portfolio (3221214); Vice President to maintain & enhance policies, procedures & guidance for EUC Tools (3203795); Associate, Risk Management to support identification & implementation of solutions for various work streams (3203804); & Vice President to work w/Business owners to ensure regulatory positions are met. Multiple open positions at various prof'l levels. For more info & to apply, visit https://ms.taleo.net/careersection2/jobsearch.ftl?lang=en Scroll down to "Join our team" heading & search for these opp'tys. No calls pls. EOE

---

## BUSINESS OPPORTUNITIES

### ALLIANCE MORTGAGE FUND
**7%-8% RETURN**
REAL ESTATE SECURED FIXED INCOME FUND SEEKING RIA'S & ACCREDITED INVESTORS
CALL: 866-700-0600
ALLIANCE MORTGAGE FUND
120 Vantis Dr., Ste. 515 • Aliso Viejo, CA 92656
www.AllianceMortgageFund.com

### Deep Gas Investment
Tax deductible / $50,000 min.
Approx. 150% return + royalties
Accredited Only
Call Frank 713-503-4225

### Prestigious Fine Art Gallery for sale
40+ year old art gallery in premier retail location. Internationally known; over 80% of revenue is generated by modern masters and contemporary works. Pre-pandemic EBITDA exceeded $3 million/year. Huge client base, long term experienced staff, over $10 million in owned inventory, assumable leases. Great expansion opportunity in one of the best retail locations in the US.
Contact: trk@grandavenuecapital.com

### SECURED, SEC REGISTERED, FIDUCIARY MANAGED GLOBAL FUND 80% PRINCIPAL PROTECTED
12-15% ANNUAL RETURN
Performing AI - Based Algorithm
$100K min, No Cap • Quarterly Payouts
Verified Track Record - CALL: (212) 461-0528
www.ifgfundII.net
IFG Fund, LLC 140 Wall Street, NY, NY 10005
ACCREDITED INVESTORS ONLY

### MISCELLANEOUS

**Possibility of 3% daily gains**
Fully Automatic black box algorithmic high frequency/high leverage day trading technique taught to licensees of our system. Watch full video instruction and viewable guide to "secret" method taught by top level professional trader. Costs only $299!
BLACKBOXTRADING.COM
Call: 207-939-2700

---

THE WALL STREET JOURNAL.

THE MARKETPLACE
ADVERTISE TODAY
(800) 366-3975
For more information visit:
wsj.com/classifieds

© 2022 Dow Jones & Company, Inc. All Rights Reserved.

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on October 5, 2022:

Name of Publication: The Wall Street Journal
Address: 1211 Avenue of the Americas
City, State, Zip: New York, NY 10036
Phone #: 1-800-568-7625
State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of October 2022, at Sellersville, Pennsylvania.


_____
Carla Peak



# Robbins Geller Rudman & Dowd LLP Announces Proposed Settlement in the Sealed Air Securities Litigation

October 05, 2022 08:00 AM Eastern Daylight Time

MELVILLE, N.Y.--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP regarding the Sealed Air Securities Litigation:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | X | |
| UA LOCAL 13 & EMPLOYERS GROUP INSURANCE FUND, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:19-cv-10161-LLS-RWL  CLASS ACTION |
| Plaintiff, | : | |
| vs. | : | SUMMARY NOTICE |
| SEALED AIR CORPORATION and WILLIAM G. STIEHL, | : : | |
| Defendants. | : | |
| | : | |
| | X | |

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF SEALED AIR CORPORATION ("SEALED AIR") DURING THE PERIOD FROM NOVEMBER 17, 2014 TO JUNE 20, 2019, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on January 20, 2023, at 2:00 p.m., before the Honorable Louis L. Stanton, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned Action, as set forth in the settlement agreement reached between the parties, consisting of Twelve Million Five Hundred Thousand Dollars ($12,500,000.00) in cash, should be approved as fair reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the settlement agreement should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (4) whether the application by Plaintiffs' counsel for an award of attorneys' fees and expenses and any awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should be approved; and (5) whether the Judgment, in the form attached to the settlement agreement, should be entered.

Please note that the date, time and location of the Settlement Hearing are subject to change without further notice. If you plan to attend the hearing, you should check the docket or contact Lead Counsel (identified below) to be sure that no change to the date, time or location of the hearing has been made.

IF YOU PURCHASED OR ACQUIRED ANY OF THE COMMON STOCK OF SEALED AIR DURING THE PERIOD FROM NOVEMBER 17, 2014 TO JUNE 20, 2019, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies by writing to *Sealed Air Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 6181, Novato, CA 94948-6181, or on the internet at www.SealedAirSecuritiesLitigation.com.

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail (***postmarked no later than December 27, 2022***) or submitted electronically (***received no later than December 27, 2022***), establishing that you are entitled to recovery. Unless the deadline is extended, your failure to submit your Proof of Claim by the above deadline will preclude you from receiving any payment from the Settlement.

If you are a Class Member and you desire to be excluded from the Class, you must submit a request for exclusion such that it is ***postmarked no later than December 30, 2022***, in the manner and form explained in the detailed Notice, referred to above. All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Action pursuant to the Stipulation and Agreement of Settlement.

Any objection to the Settlement, the Plan of Allocation, or the fee and expense application must be mailed to each of the following recipients, such that it is ***received no later than December 30, 2022***:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> DANIEL PATRICK MOYNIHAN
> UNITED STATES COURTHOUSE
> 500 Pearl Street
> New York, NY 10007
>
> *Lead Counsel*:
> ROBBINS GELLER RUDMAN
> & DOWD LLP
> ROBERT M. ROTHMAN
> 58 South Service Road, Suite 200
> Melville, NY 11747
>
> *Defendants' Counsel*:
> HOLWELL SHUSTER & GOLDBERG LLP
> VINCENT G. LEVY
> 425 Lexington Avenue
> New York, NY 10017
>
> COOLEY LLP
> WILLIAM SCHWARTZ
> 55 Hudson Yards
> New York, NY 10001

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OR DEFENDANTS REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above or by an e-mail to Lead Counsel at settlementinfo@rgrdlaw.com. Copies of certain pleadings and other documents filed in the Action can also be found at www.SealedAirSecuritiesLitigation.com.

Case 1:19-cv-10161-LLS    Document 108-4    Filed 12/16/22    Page 38 of 43

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Contacts

Media:

Robbins Geller Rudman & Dowd LLP

Shareholder Relations Department

Greg Wood

(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire
Address: 101 California Street 20th Floor
City, ST Zip: San Francisco, CA 94111
Phone #: 415-986-4422
State of: California

The press release was distributed on October 5, 2022 to the following media circuits offered by the above-referenced wire service:

1. US1 National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5 day of October 2022, at Sellersville, Pennsylvania.

_____
Carla Peak

EXHIBIT D



*SAIR-EXCL00001*

RECEIVED
Nov 29, 2022
Claims Center

# Exclusion Cover Page

Case Name: Sealed Air Securities Litigation

Case Code: SAIR

Exclusion Deadline: December 30, 2022 (postmarked on or before)

Name of Person Filing Exclusion: John Hoff

Mr. John W. Hoff, JD, MPA

# Consultant, Fourth Amendment



November 12, 2022

Dear Sealed Air Securities Litigation,

I wish to exclude myself from the class (opt out) by submitting this written statement prior to December 30, 2022. I would like my statement to be part of the record.

Though I am not required to state a reason why I want to opt out, I will, in fact, state a reason for purposes of urging changes in policy, law, and procedure as follows:

It seems like I get some kind of "notice of class action" every couple months concerning some stock I hold or have held in the past. In every single instance, I am required to "prove" my current or previous ownership, a tedious and time-consuming process and for what? For some very minor amount of money, assuming the settlement even gets finalized? In some instances, I am no longer active on the trading platform where I once held that stock, and I have no way to pull up that information from, say, Robinhood or TDAMeritrade.

Yet the defendant and the plaintiff have knowledge, or constructive knowledge, of my stock ownership. If there wasn't a record of my owning this stock at one time or another, I would not get notified by mail in the first place. So why should I have to "prove" what is already known and recorded? Why should any burden be shifted to me, whatsoever, to "prove" my ownership interest? Rather, I should be sent a form confirming my contact information and then just go ahead and mail me what, if anything, I am due.

The way these class actions are handled produces a regressive result. Small stockholders do not bother with the paperwork, because they are inexperienced with investments and the amount in question is too small. Large investors naturally take the time to document their stock holdings and file. The result of this is that small investors lose out disproportionately.

It is my intention to just keep "opting out" of these notices of class action, every blessed time, by sending this same exact letter. You will, at a minimum, have to categorize and record this communication. You have shifted a burden to me, so I now shift it right back to you.

Sincerely,

John Hoff

John W Hoff



15 NOV 2022 PM

ADDITIONAL OUNCE USA

*Sealed Air Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

RECEIVED GE

NOV 2 9 2022

CLAIMS CENTER