UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

UA LOCAL 13 & EMPLOYERS GROUP
INSURANCE FUND, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

    vs.

SEALED AIR CORPORATION and
WILLIAM G. STIEHL,

                    Defendants.

———————————————————————— x

: Civil Action No. 1:19-cv-10161-LLS-RWL
:
: CLASS ACTION
:
: REPLY MEMORANDUM OF LAW IN
: FURTHER SUPPORT OF PLAINTIFFS'
: MOTION FOR (1) FINAL APPROVAL OF
: CLASS ACTION SETTLEMENT, (2)
: APPROVAL OF PLAN OF ALLOCATION,
: AND (3) LEAD COUNSEL'S
: APPLICATION FOR AN AWARD OF
: ATTORNEYS' FEES AND EXPENSES AND
: AWARDS TO PLAINTIFFS PURSUANT TO
: 15 U.S.C. §78u-4(a)(4)

4887-0862-0616.v1

Plaintiffs UA Local 13 Pension Fund, UA Local 13 & Employers Group Insurance Fund ("Local 13 Funds"), Plumbers & Steamfitters Local 267 Pension Fund ("Local 267 Fund"), and Plumbers and Steamfitters Local No. 7 Pension and Welfare Funds ("Local 7 Funds") (collectively, "Plaintiffs") respectfully submit this reply memorandum of law in further support of their application for approval of the $12.5 million Settlement, the Plan of Allocation, and an award of attorneys' fees and expenses and awards to Plaintiffs.[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this Action in its entirety in exchange for a cash payment of $12,500,000.  As detailed in the opening papers (ECF 106 to 108-7), the Settlement is the product of extensive arm's-length negotiations based on a well-developed understanding of the strengths and weaknesses of the claims and defenses.  It represents a very favorable result for the Class in light of the substantial challenges that Plaintiffs would have faced in proving liability and damages.

Pursuant to the Preliminary Approval Order (ECF 102), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing 228,486 copies of the Notice Packet to potential Class Members and nominees.  With the exception of two letters submitted to the Court which generally claim that this is a "nuisance lawsuit" (addressed below), no Class Member has formally objected to any aspect of the Settlement, Plan of Allocation, or fee and expense application, and only four requests for exclusion have been received.  As explained below, the Class's reaction confirms that the proposed Settlement, the Plan of Allocation,

---

[1]    Unless otherwise noted, capitalized terms have the meanings given to them in the Stipulation and Agreement of Settlement (ECF 100) or in the Declaration of Robert M. Rothman in Support of Plaintiffs' Motion for (1) Final Approval of Class Action Settlement, (2) Approval of Plan of Allocation, and (3) Lead Counsel's Application for an Award of Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4).  ECF 108.

4887-0862-0616.v1

and the request for attorneys' fees and expenses and awards to Plaintiffs are fair and reasonable, and should be approved.

## II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL

Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the application is warranted.  Now that the time for objecting or requesting exclusion from the Class has passed, the lack of formal objections from the Class and only four opt-outs provide additional support for approval of the application.

Pursuant to the Preliminary Approval Order, more than 228,400 copies of the Notice Packet were mailed to potential Class Members and their nominees.  *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Murray Suppl. Decl."), ¶4, submitted herewith.  The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 27% of the Settlement Amount and payment of litigation expenses not exceeding $625,000, plus interest on both amounts, and that Plaintiffs may request awards of up to $7,500 each pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.  *See* Notice (ECF 108-4), at 2.  Lead Counsel is now requesting amounts lower than those set forth in the Notice.  Specifically, Lead Counsel requests fees equal to just 25% of the Settlement Fund and expenses of only $455,832.33.  *See* ECF 107.

The Notice also apprised Class Members of their right to object to any aspect of the proposed Settlement, Plan of Allocation, or requested attorneys' fees and expenses and Plaintiffs' awards, as well as their right to exclude themselves from the Class and the December 30, 2022 deadline for filing objections or requests for exclusion.  *See id.* at 9-10.  The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Packet, and the deadlines for

the submission of Claim Forms, objections, and requests for exclusion, was published in *The Wall Street Journal* and released over *Business Wire*. *See* ECF 108-4 (Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date), ¶12. The Claims Administrator also established a Settlement-related website that provided information and links to relevant documents, and the Notice directed potential Class Members to contact the Claims Administrator or Lead Counsel with any questions. *Id.*, ¶14.

As noted above, following this notice program, no Class Member formally objected to any aspect of the Settlement, the Plan of Allocation, or fee and expense application or awards sought. In addition, only four requests for exclusion from individual investors were received. Murray Suppl. Decl., ¶¶5-6.

The Court received two letters from Class Members, Paul J. Niebauer and Lura Kathryn Niebauer, dated December 20, 2022, which state that they are not requests for exclusion. In addition, they do not appear to be objections to the Settlement, notwithstanding their general claim that this is a "nuisance lawsuit." Respectfully, Plaintiffs and Lead Counsel disagree with their contention. Not only are Plaintiffs' claims detailed in their Corrected Amended Complaint for Violations of the Federal Securities Laws, filed July 13, 2020 (ECF 32), the Court's June 1, 2021 order granting in part and denying in part Defendants' motions to dismiss (ECF 46) largely upholds the Complaint's claims.

Far from being a so-called "nuisance" case, the allegations have been independently corroborated by an investigation conducted by the United States Securities and Exchange Commission. Specifically, following the commencement of this Action, the Securities and Exchange Commission issued two separate Orders Instituting Public Administrative and Cease-and-Desist Proceedings Pursuant to Sections 4C and 21C of the Securities Exchange Act of 1934 and

- 3 -

4887-0862-0616.v1

Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order against Stiehl and Ernst & Young LLP. *See In the Matter of William G. Stiehl, CPA*, Admin. Proceeding File No. 3-20446; *In the Matter of Ernst & Young LLP, James G. Herring Jr., CPA, James A. Young, CPA, and Curt W. Fochtmann, CPA*, Admin. Proceeding File No. 3-20447. This is clearly not a "nuisance lawsuit," and the Niebauer letters do not articulate a specific objection to the Settlement, Plan of Allocation, or Lead Counsel's fee and expense request.

The absence of formal objections and the four requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate. Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of . . . objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *see also In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'") (citation omitted).

Although a "certain number of objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members," *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at *16 (E.D.N.Y. Dec. 16, 2019), "'[i]f only a small number of objections are received, that fact can be viewed as indicative of

4887-0862-0616.v1

the adequacy of the settlement.'" *Id.* (quoting *Wal-Mart*, 396 F.3d at 118).[2]  As Judge Sweet has recognized: "The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. Nov. 26, 2018).

In addition, no institutional investors have objected or requested exclusion.  The absence of objections by these sophisticated Class Members further evidences the fairness of the Settlement. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (holding that the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (finding that the lack of objections from institutional investors supported approval of settlement).

The lack of objections from institutional or retail Class Members also supports approval of the Plan of Allocation.  *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Class is also relevant to Lead Counsel's motion for an award of attorneys' fees and expenses and awards to Plaintiffs.  The absence of objections supports a finding that these requests are fair and reasonable.  *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (holding that the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection

---

[2]     *See also Advanced Battery*, 298 F.R.D. at 176 (same); *Athale v. Sinotech Energy Ltd.*, 2013 WL 11310686, at *4 (S.D.N.Y. Sept. 4, 2013) (same).

4887-0862-0616.v1

"suggests that the fee request is fair and reasonable") (citation omitted); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (finding that the lack of any objection to the fee request supported its approval).  Again, the lack of objections from institutional investors supports approval.  *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding that the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *accord In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting the lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## III.    CONCLUSION

For the foregoing reasons and those set forth in the opening papers, Plaintiffs respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and expenses and awards to Plaintiffs.  Copies of the proposed: (i) Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4), are submitted herewith.

4887-0862-0616.v1

DATED:  January 13, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
MARK T. MILLKEY
ROBERT D. GERSON
MAGDALENE ECONOMOU

*/s/ Robert M. Rothman*
ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com
mmillkey@rgrdlaw.com
rgerson@rgrdlaw.com
meconomou@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

ASHERKELLY
MICHAEL J. ASHER
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
masher@asherkellylaw.com

- 7 -

BLITMAN & KING LLP
DANIEL R. BRICE
4443 North Franklin Street
Syracuse, NY  13204-5412
Telephone:  315/422-7111
315/471-2623 (fax)
dbrice@bklawyers.com

Additional Counsel for Lead Plaintiffs

4887-0862-0616.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 13, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Robert M. Rothman*
ROBERT M. ROTHMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
Email: rrothman@rgrdlaw.com