ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

UA LOCAL 13 & EMPLOYERS GROUP
INSURANCE FUND, Individually and on
Behalf of All Others Similarly Situated,

       Plaintiff,

vs.

SEALED AIR CORPORATION and
WILLIAM G. STIEHL,

       Defendants.

---------------------------------------------------------x

: Civil Action No. 1:19-cv-10161-LLS-RWL
:
: CLASS ACTION
:
: [PROPOSED] FINAL JUDGMENT AND
: ORDER OF DISMISSAL WITH PREJUDICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/20/23

WHEREAS, this matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated September 14, 2022, on the application of Plaintiffs for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of September 9, 2022 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference: (a) the Stipulation; and (b) the Notice, Summary Notice, and Declaration of the Claims Administrator filed with this Court on December 16, 2022. All terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all persons and entities who purchased or otherwise acquired Sealed Air common stock from November 17, 2014 to June 20, 2019, inclusive, and were damaged thereby. Excluded from the Class are Defendants and their immediate families, Sealed Air's officers and directors at all relevant times, as well as their immediate families, Defendants' legal representatives, heirs, successors or assigns and any entity in which any Defendant has a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class and are listed on Exhibit 1 hereto as having submitted an exclusion request allowed by the Court.

4. This Court hereby affirms its determinations in the Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so

numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Lead Counsel have fairly and adequately represented the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order and finally appoints Plaintiffs UA Local 13 Pension Fund, UA Local 13 & Employers Group Insurance Fund, Plumbers & Steamfitters Local 267 Pension Fund, and Plumbers and Steamfitters Local No. 7 Pension and Welfare Funds Class Representatives for the Class and Robbins Geller Rudman & Dowd LLP Class Counsel for the Class.

6. The Notice of Pendency and Proposed Settlement of Class Action ("Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order, fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that:

    (a) the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) the class representatives and Lead Counsel adequately represented the Class;

(c) there was no collusion in connection with the Stipulation;

(d) the Stipulation was the product of informed, arm's-length negotiations among competent, experienced and able counsel; and

(e) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. The Releases set forth in Section 4 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein by reference. Accordingly, this Court orders that:

(a) Pursuant to this Judgment, without further action by anyone, upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each of the Releasing Plaintiffs' Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims against the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against the Released Persons, whether or not such Releasing Plaintiffs' Party executes and delivers the Proof of

Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

(b) Plaintiffs and all Releasing Plaintiffs' Parties, and anyone claiming through or on behalf of any of them, are hereby forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

(c) Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' counsel from all claims and causes of action of every nature and description (including Unknown Defendants' Claims), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement. Notwithstanding the foregoing, nothing in this Judgment shall be construed as limiting, modifying or otherwise affecting any insurance coverage or policies that may be available to any of the Defendants or Released Persons.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application or application by Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Neither this Judgment, the Settlement, the Stipulation, the Plan of Allocation contained therein, the negotiations leading to the execution of the Stipulation and the Settlement, nor

any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any communication relating thereto, is evidence, or an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

12. Defendants have denied and continue to deny liability and maintain that they have meritorious defenses, and Defendants have represented that they entered into the Settlement solely in order to avoid the cost and burden of litigation.

13. Neither the Settlement, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

- 5 -

(b) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) shall be offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if the Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d) shall be construed against Defendants, Plaintiffs, or the Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation; (e) the Class Members for all matters relating to the Action; and (f) other matters related or ancillary to the foregoing. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settlement Fund shall be returned in accordance with the Stipulation.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: January 20, 2023  _____Louis L. Stanton_____
THE HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 13, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ Robert M. Rothman
ROBERT M. ROTHMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
Email: rrothman@rgrdlaw.com

# EXHIBIT 1

*UA Local 13 & Emps. Grp. Ins. Fund v. Sealed Air Corp. and William G. Stiehl*,
Civil Action No. 1:19-cv-10161-LLS-RWL

## INDIVIDUALS WHO HAVE TIMELY AND VALIDLY REQUESTED EXCLUSION FROM THE CLASS

1. John Hoff
2. Malta Pension Investments
3. Olga Eidt
4. Jennie M. Miller